BOUGHTON v. VAN VALKENBURGH et al.

(Supreme Court, Appellate Division, Third Department. December 6, 1899.)

LIMITATION OF ACTIONS—PAYMENTS BY GRANTEE OF MORTGAGOR.

Payments, by the grantee of one of several tracts included in a mortgage, of interest on the debts secured thereby, where he took under a deed from the mortgagor, wherein he assumed and agreed to pay the mortgage, does not prevent limitations from running in favor of the mortgagor and his grantee of other tracts, where neither of them, for 24 years after the mortgage became due, paid either interest or principal.

Kellogg, J., dissenting.

Appeal from trial term, Rensselaer county.

Action to foreclose a mortgage by Reuben R. Boughton against George Van Valkenburgh and others. From a judgment in favor of plaintiff, defendant Van Valkenburgh appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, KELLOGG, and MERWIN, JJ.

H. D. Bailey, for appellant.
Joseph A. Lawson, for respondent.

LANDON, J.: The mortgage which the plaintiff seeks to foreclose was given April 27, 1861, by Nicholas S. Miller, upon three parcels of land, of which he was the owner, to Peter I. Stophilbeen, to secure the

payment of Miller's bond for $2,835 and interest. The appellant insists that, as against parcels 1 and 2, the plaintiff's remedy is barred by the statute of limitations. The mortgage became due April 1, 1875. This action was commenced in September, 1899. Miller, by deed executed April 1, 1865, conveyed parcel 3 to George Trosspar for the consideration of $10,428.65, subject to the mortgage in question, the interest of which was paid up to that date, but no part of the principal. In this deed, Trosspar assumed and agreed to pay the mortgage, as a part of said consideration. Trosspar conveyed parcel 3 to Andrew Harder by deed executed April 1, 1871, for $5,500, subject to this mortgage, which Harder assumed and agreed to pay as part of said consideration. This deed states that the interest had been paid up to its date. In like manner, Andrew Harder conveyed parcel 3 to Frank Harder by deed executed April 1, 1879, for the consideration of $2,000, subject to the mortgage, which the grantee assumed and agreed to pay. Frank Harder, the last grantee of parcel 3, paid the interest on the bond and mortgage from April 1, 1877, to April 1, 1894. George Trosspar paid it in 1876. It did not appear that Nicholas S. Miller paid any interest after he conveyed parcel 3. Nicholas S. Miller continued to own parcels 1 and 2 until his death, December 31, 1897, 22 years after the mortgage became due. His executor sold parcels 1 and 2 to the appellant Van Valkenburgh. No interest has been paid since April 1, 1894. It thus appears that the mortgagor sold parcel 3, before the mortgage became due, to Trosspar, who, as a part of the consideration, assumed the mortgage and agreed to pay it, and that Trosspar's subsequent grantees, respectively, in like manner assumed and agreed to pay the mortgage, as a part of the consideration of the conveyances to them, and that in pursuance of this assumption and covenant the grantees of parcel 3 have made all the payments thereon since it became due, and that neither Miller nor Van Valkenburgh, the successive owners of parcels 1 and 2, has made any payments upon the mortgage since it became due, a period of upwards of 24 years before the commencement of this action.

Upon these facts, we think the statute of limitations bars plaintiff's recourse to the mortgagor, and to parcels 1 and 2. The payment of interest by Miller's grantees after the mortgage became due was not Miller's act; the extension or delay by the owner of the mortgage in exacting payment of the principal was not asked by Miller, or conceded to him; and hence whatever renewal of the mortgage was effected by the payment of interest was the act of others, and not of Miller, and therefore did not bind him.

It is contended, however, that Miller, in taking to himself the covenant of his grantee to assume the mortgage and pay it, employed the grantee to discharge Miller's liability, and therefore whatever payments of interest the grantee made upon the mortgage were Miller's acts. Murdock v. Waterman, 145 N. Y. 65, 39 N. E. 829, 27 L. R. A. 418, is cited in support of this contention. It was held in that case that the payment by the owners of one of the mortgaged parcels did not renew the mortgage, as to the owner of the other parcel, in the absence of evidence of agency of the payors for the owner of the

other parcel, or of such relations to the land or the debt as would support the implication of authority to pay for both owners. The court said that:

"The guiding and controlling consideration is that the payment must be made by a party to the obligation, or by his authorized agent. If payment by one is relied upon to take the contract out of the statute as to another, it must be shown that the party who made the payment was in fact or in law the agent of the other in respect to his liability. When the person paying is bound, those in privity with him may be bound, also."

The mortgagor's grantees were not the agents of the mortgagor. In the deeds to them, they covenanted to pay the mortgage debt. This covenant was one which the mortgagee could enforce. When they paid the interest, they paid it upon their own covenant, and also to protect their own title. As between grantor and grantee, the grantee was the debtor, and the grantor and mortgagor was surety. Whether one was the agent of the other depends upon their relations between themselves. As, by his assumption and covenant of payment, the grantee agreed to pay the debt he assumed, in paying it he necessarily acted for himself; and thus he paid as principal, and not as agent. The mortgagor was not in privity with his grantee. He was not his heir, executor, or representative. He succeeded to no part of the mortgaged estate from him. Privity implies succession. He who is in privity stands in the shoes or sits in the seat of the owner from whom he derives his title, and thus takes it charged with the burden attending it. Here the grantee of parcel 3, in buying the mortgaged land, bought it subject to the mortgage; but, if he had not covenanted to pay the mortgage, he would have incurred no personal liability to pay it; and hence even the grantee of the mortgagor is not in privity with the mortgagor, as to his covenant to pay, but that liability arises solely from his own covenant. It is apparent from the cases cited in the opinion in Murdock v. Waterman that the word "privity" is used in the sense we have indicated. Trust Co. v. Covert, 6 Abb. Prac. (N. S.) 154, and Hughes v. Edwards, 9 Wheat. 489, 6 L. Ed. 142. In these cases it was held that payments made by the mortgagor upon the bond which was secured by the mortgage would keep the bond and mortgage in life against the mortgagor's subsequent grantees, for the reason that, the debt being the mortgagor's, he could keep it alive by payments, and his grantees, having notice of the mortgage, sat in his seat, and were bound by his payments. He did not act as agent for them, but acted for himself as to the debt; and the mortgage, being security for the debt, and not a separate obligation for its payment, continued in life, along with the debt itself. In these cases the statute of limitations was not pleaded. See Fowler v. Wood, 78 Hun, 304, 28 N. Y. Supp. 976. We think the statute of limitations had run as to the mortgagor and parcels 1 and 2.

As the case was not tried before a jury, there was no need to move for a new trial on the minutes.

Judgment and order reversed as to the appellant, and new trial granted as to him; costs to abide the event. All concur, except KELLOGG, J., who dissents.