CHARLES A. MOORE v. THOMAS J. HARKINS, ADMINISTRATOR OF
H. S. HARKINS.

(Filed 27 December, 1919.)

1. Judgments—Estoppel—Pleadings—Scope of Inquiry.

A final judgment of a court having jurisdiction of the cause and of the parties estops the parties as to all issuable matters embraced by the pleadings that are material and relevant irrespective of whether they have been presented in the course of the trial; and where a deputy United States Marshal has assigned his fees and expenses as such to another, with order on the U. S. Marshal to pay them, and it has been theretofore adjudicated by final judgment, that a recovery may not be had against the deputy marshal, the purchaser will be estopped from again prosecuting his action, whether he sues to recover upon the writing or the moneys he has paid in the transaction.

2. Courts— Equity— Actions at Law— Jurisdiction—Injunctions—Judgments—Bills of Peace—Multiplicity of Suits.

In this State, wherein the difference between actions at law and suits in equity has been abolished, equitable relief may be enforced in an action in which the remedy at law has been sought; and, in proper instances, an injunction, as if in a suit in the nature of a bill of peace, may be decreed by the court to prevent vexatious litigation, or further action, upon a cause in which the party has theretofore been estopped by final judgment.

CIVIL ACTION, heard before *Ray, J.,* at June Term, 1919, of BUNCOMBE. Judgment in favor of the defendant, from which plaintiff appealed.

*Craig & Craig and J. P. Kitchin for plaintiff.*
*Kingsland Van Winkle for defendant.*

BROWN, J. This action was heard upon the pleadings, records, and exhibits. The complaint, filed May Term, 1919, states that the deceased, H. S. Harkins, as deputy marshal of the United States, gave to the said Moore, for value received, drafts under his seal upon Robert M. Douglas, United States Marshal, as the deputy of the said Douglas, in the following words and figures:

"For value received, I hereby assign, transfer, and set over to Chas. A. Moore all dues to me as Deputy United States Marshal from the Government, and Robert M. Douglas, U. S. Marshal for the Western District of North Carolina, on account of actual expenses, fees, and allowances as Deputy United States Marshal, and I direct the same to be paid to the order of the said Chas. A. Moore all that is due to this date. This 8 November, 1879.            H. S. HARKINS.   (Seal.)"

"For value received, I hereby assign, transfer, and set over to Chas. A. Moore all dues to me as Deputy United States Marshal from the Government, and Robert M. Douglas, U. S. Marshal for the Western District of North Carolina, on account of actual expenses, fees, and allowances as Deputy United States Marshal, and I direct the same to be paid to the order of the said Chas. A. Moore all that is due me from the first of January, 1880, up to the 18th of February, A.D. 1880.

H. S. HARKINS.    (Seal.)"

The complaint alleges that the plaintiff paid to the said Harkins the sum of $1,200 for said drafts on 16 February, 1880. The complaint also sets up a cause of action for $120.10 for an account against Robert M. Douglass, Marshal, alleged to have been purchased on 6 December, 1880, from H. S. Harkins. Which said account was duly presented to R. M. Douglas, Marshal, and has never been paid. The complaint further alleges that these assignments and account were properly presented to the said Douglas, and were not paid, the said Harkins having no funds in the hands of said Douglas at the time. The defendant pleads the statute of limitations and an estoppel of record by former judgment rendered.

The plaintiff contends that the court erred in refusing to submit the issues to a jury. We are unable to see that there were any issues of fact required to be submitted to a jury, as the estoppel pleaded was a matter of record, the authenticity of which was not disputed. The identical cause was before this Court in a case between the same parties at Spring Term, 1916, and is reported 171 N. C., 697. A copy of the paper sued on is therein set out.

In that case it was held that the right of action had not accrued to the plaintiff, as the plaintiff stated that the drafts were not to be paid until Douglas got the money from the Government. That action was therefore dismissed.

Another action was brought by plaintiff on 5 November, 1914, and tried before *Harding, J.,* February Term, 1916, in which a judgment of nonsuit was entered, the cause of action being based upon the same drafts or assignments.

Another action was brought on 24 February, 1917, based upon the same cause of action, and also upon the account for $120.10. This action was tried April Term, 1918, before his Honor, *Judge Stacy,* upon the following issues:

"1. Is the defendant indebted to the plaintiff, and if so, in what amount? Answer: 'No.'

"2. Is the plaintiff's claim barred by the statute of limitations? Answer: 'No.'"

The court set aside the verdict of the jury as to the second issue, and ordered judgment against the plaintiff upon the first issue.

His Honor charged the jury, after stating the evidence and contentions of the parties, as follows:

"If you find as a fact, and are satisfied by the greater weight of the evidence, that these drafts were given to the plaintiff for value, and that they have not been paid, and they are now due, I charge you it would be your duty to answer the first issue 'Yes, and in the sum of $1,400, with interest from 18 February, 1880'; but if you do not find that these drafts were given for value, it would be your duty to answer the first issue 'No.'"

An appeal was taken to this Court, and appears in 177 N. C., 113. In closing its opinion the Court said: "We think the charge on the first issue was correct and practically reduced the controversy to one of fact, which has been settled by the jury's findings on the first issue."

It is immaterial upon what ground the plaintiff's right to recover may be based; whether as an action upon the drafts, or to recover the money back paid for them, the controversy comes within the scope of the issue, and the finding of the jury and the judgment of the court effectually bars another action. It is well settled that when a court has jurisdiction of a cause and of the parties, and renders a final judgment therein, it estops the parties as to all issuable matter set out in the pleadings. It also concludes the parties as to all matters within the scope of the pleadings which are material and relevant. *Coletrain v. Laughlin,* 157 N. C., 282; *Ferrebee v. Sawyer,* 167 N. C., 203.

A judgment estops not only as to every ground of recovery presented in the action, but also as to every ground which might have been presented. *Cromwell v. Sac,* 94 U. S., 35.

In *Wagon Co. v. Byrd,* 119 N. C., 463, it is said: "The principles governing estoppels by judgment are established by a long line of decisions in this and other States, and we have no desire to take a new departure which will shake the long-settled law as to *res judicata.* This rule is thus stated in 1 Herman Estoppel, sec. 122, and is fortified by a long list of leading authorities there cited: 'The judgment or decree of a court possessing competent jurisdiction is final as to the subject-matter thereby determined. The principle extends further. It is not only final as to the matter actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have decided. . . . This extent of the rule can impose no hardship. It requires no more than a reasonable degree of vigilance and attention; a different course might be dangerous and often oppressive. It might tend to unsettle all the determinations of law and open a door for infinite vexation. The rule is founded on sound principle.' And the same

authority, sec. 123, says: 'The plea of *res judicata* applies, except in special cases, not only to the points upon which the court was required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject in litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time and determined respecting it.' "

It is immaterial whether this is an action to recover upon the drafts or to recover back the money paid for them, the plaintiff is barred by the verdict and the judgment rendered in the trial before his Honor, *Judge Stacy,* and affirmed by this Court.

The plaintiff excepts to the injunction granted by his Honor, *Judge Ray,* to prevent further litigation.

We are of opinion that the action of his Honor in enjoining the plaintiff from prosecuting further actions on the same cause of action was warranted by the facts. The remedy of a bill of peace to prevent vexatious litigation was well known at the common law. As a rule the remedy has not been sought very often in this State, but the right to ask for it is well established, and it may be invoked in the pending action, and a new action for that purpose is not necessary under our method of procedure. *Featherstone v. Carr,* 132 N. C., 800.

At common law the remedy was affirmed by a bill in equity enjoining the plaintiff from proceeding in the law courts. One of the earliest cases in which a bill of peace was sought is reported in *Selden's cases,* in Chancery, 18. In this State the distinctions between law and equity procedure have been abolished, but the principles of both remain, and equitable relief may be sought in the same action in which the demand at law is sought to be enforced.

Upon all the authorities we must conclude that the plaintiff is barred by the previous adjudications of the Superior Court, and affirmed by this Court from, the prosecution of this action.

Affirmed.