D. H. TUCKER v. NORTH CAROLINA STATE HIGHWAY & PUBLIC WORKS COMMISSION.

(Filed 20 November, 1957)

1. State § 3a: Trial § 5½—

In a proceeding under the Tort Claims Act, where, prior to the hearing, the parties stipulate the name and position of the State employee charged with negligence, such stipulation meets the statutory requirement that the negligent employee be named and obviates error in naming the employee in the affidavit and claim, and the allowance of an amendment to this effect on appeal to the superior court is immaterial.

2. State § 3a—

Where, in a proceeding under the Tort Claims Act, the claimant asserts injury resulting when the car in which claimant was riding hit obstructions at each end of a narrow bridge, the fact that the

claimant asserts the obstructions were ditches, while the evidence discloses that the obstructions were mounds some 8 or 10 inches high, is too immaterial to require an amendment, and an amendment allowed in the superior court on appeal to make the allegations conform to the evidence adds nothing to the claim.

**3. State § 3e: Appeal and Error § 55—**

Where it is apparent that the Industrial Commission on the hearing of a claim under the Tort Claims Act may have found the facts under the misapprehension that the claim related to negligence on the part of one State employee, while the claim and evidence involved as a matter of law the negligence of a different employee, the cause must be remanded.

**4. State § 3b—**

This proceeding under the State Tort Claims Act is governed by the statute as written at the time the accident occurred, under which contributory negligence of claimant was a defense rather than a part of claimant's cause of action, and when recovery was allowed for injury resulting from a negligent omission as well as a negligent act on the part of a State employee. Chapters 400 and 1361, Session Laws of 1955.

**5. Appeal and Error § 3—**

Judgment of the superior court remanding proceedings under the Tort Claims Act to the Industrial Commission is not a final judgment, but nevertheless an appeal will lie from such judgment when it deprives appellant of some substantial right which might be lost if the order is not reviewed before final judgment. G.S. 1-277.

**6. State § 3e—**

On appeal, in a proceeding under the Tort Claims Act, the superior court is limited to review of alleged errors of law made by the Commission and presented by exceptions duly entered.

**7. Same—**

Where the superior court properly remands a proceeding under the Tort Claims Act to the Industrial Commission, but includes in the judgment provisions directing what conclusions should be made by the Commission from specified findings, which conclusions involve both questions of law and of fact, the provisions encroaching on the functions of the Commission will be stricken on appeal.

APPEAL by defendant from *Hall, J.,* February, 1957 Civil Term, FRANKLIN Superior Court.

This proceeding originated before the North Carolina Industrial Commission upon an affidavit and claim (G.S. 143-297) filed by the plaintiff against the State Highway & Public Works Commission for damages alleged to have been caused by "the negligence of John Billie Harris, supervisor under Bob Moore, superintendent, both of Henderson, North Carolina. . . . The injury giving rise to this claim occurred at a bridge across a small branch on the Weldon public road on April 20, 1955."

"That the injury occurred in the following manner: Claimant was riding in a 1947 four-door Chevrolet automobile driven by Lewis Clayton upon a public highway in Franklin County known as the Weldon Road, when said automobile struck a deep ditch across said highway in front of a bridge which was over a small stream, causing claimant to be thrown against the top and back seat of the automobile and claimant was again thrown against the top of the automobile, landing on the floor, when the car struck a second ditch that was across the road on the other side of the said bridge. The said Weldon Road was under the authority, control and supervision of the North Carolina State Highway Department whose agents and employees knew or by the exercise of reasonable care could and should have discovered the said ditches across said road which had remained some considerable time prior to the date and hour of the injury mentioned. There was no warning sign to cause the driver of said automobile to know there was danger in crossing said ditches or that there were such ditches across said road and that the negligence of the employees of the North Carolina State Highway Department was the sole and proximate cause of this claimant's injury who was guilty of no contributory negligence."

In addition to the above, the claim described the nature and extent of claimant's injuries and the amount of hospital, medical, and other expenses incurred in treatment.

Similar claims were filed by the other occupants of the Chevrolet, one by L. W. Clayton, the owner and driver of the Chevrolet, and the other by T. L. Clayton, a passenger. Since the filing of his claim, T. L. Clayton has died and his personal representative has been substituted as a party plaintiff. Except as to the nature and extent of the injuries and damages, the three cases are identical. They present the same questions of law.

A hearing on the claim was held before Commissioner Gibbs on December 5, 1955. At the beginning of the hearing the following stipulation was entered into:

"1. That the accident giving rise to this claim occurred at or near a bridge across a small stream on a county road between Kearney and Vance County line, said place being about ten miles north of Louisburg, in Franklin County, North Carolina, on April 20, 1955, at approximately 11:30 a.m.

"2. That said road above named was a part of the County Road System of the State Highway & Public Works Commission, and that the work done on the said road was

done by employees of the State Highway & Public Works Commission in the course and scope of their employment and that R. W. Moore was employed by the State Highway & Public Works Commission as County Maintenance Supervisor for Franklin County and as such was in charge of the supervision of the County Road System of the State Highway & Public Works Commission in Franklin County at the time of the alleged accident herein complained of.

"3. That for the purpose of this hearing Dockets T-2570, T-2571, and T-2572 shall be consolidated."

The Commissioner made the following findings:

"1. That the county road which crossed the bridge where this accident occurred was paved with asphalt and was known as the Weldon Road; that said bridge was a narrow, one-way bridge located at the bottom of a hill, and was approximately thirty feet long; that at the time herein complained of, the pavement on said road adjacent to the bridge had been removed for a width of about eighteen inches at each end of the bridge; that in place of the removed pavement, there was a dirt mound eight or ten inches high at its peak and about eighteen inches wide at each end of said bridge and adjacent thereto; and that said road at this point had been in this condition for at least ten days prior to said accident. * * *

"That at the time of the accident, and prior thereto, L. W. Clayton was driving his automobile at a rate of speed of between twenty and twenty-five miles per hour; that he did not observe the dirt mound at the end of the bridge he was approaching until he was practically on it; that from a distance the road had the appearance of being level at this point, and it was only when one was very close to the bridge that the mound could be detected; that there were no warning signs of any kind on the road leading to said bridge; that as L. W. Clayton drove his automobile over said mound, D. H. Tucker and T. L. Clayton were thrown with great force and violence against the top of the automobile and the front seat thereof; that it took much effort on the part of L. W. Clayton to control said automobile, but he did so; that as the automobile reached the other end of the bridge it struck the second mound of dirt and D. H. Tucker and T. L. Clayton were again thrown with great force and violence against the top of said vehicle."

The Commissioner also found that the claimants by reason of the accident sustained damages as follows: D. H. Tucker, $2,000.00; T. L. Clayton, $500.00; and L. W. Clayton, $275.00.

The Commissioner's finding of fact No. 6 is as follows: "That there was no negligence on the part of any named employee of the defendant." As a consequence of finding No. 6, the commissioner concluded the defendant was not liable, and made an award denying the claim. Upon review, the full Commission adopted the findings, conclusions, and awards made by Commissioner Gibbs. Whereupon, the plaintiffs appealed to the Superior Court of Franklin County upon exceptions filed.

At the hearing before Judge Hall at the February, 1957 Term, Franklin Superior Court, the claimants were allowed to amend their claims "to correct mistakes therein and to make said complaint conform to the facts developed at the trial," to the effect that R. W. Moore was a named employee and that the obstructions at the bridge where the pavement had been broken consisted of elevated mounds of earth rather than trenches. Judge HALL made an order remanding the claims to the Industrial Commission for further hearing on the claims as amended. The defendant tendered judgment affirming the findings, conclusions, and award of the full Commission, and excepted to the court's refusal to sign the judgment. The defendant appealed, assigning errors.

*George B. Patton, Attorney General; R. Brookes Peters, Asst. Attorney General and Parks H. Icenhour, Staff Attorney, for the State.*
*Gaither M. Beam, for plaintiff, appellee.*

HIGGINS, J. The defendant brings the case here upon the ground the trial court, as stated in the brief, "erred not only in refusing a proper judgment, but also in entering an order remanding the cause to the Industrial Commission when the decision and order of the Commission should have been affirmed. Not only did his Honor refuse the tendered judgment but entered an order allowing plaintiff to amend his affidavit to name R. W. Moore as the negligent employee . . . This cause was tried before the Industrial Commission on the plaintiff's allegations that John Billie Harris, supervisor under Bob Moore, was the employee . . . against whose negligence the defendant was called upon to defend . . . The amendment permits the defendant to state a different cause of action."

In considering the validity of the defendant's contentions, it must be borne in mind that the purpose of the statute requiring the negligent employee to be named is to enable the department of the State against which the claim is made to investigate, not all of its employees, but the particular ones actually involved. *Floyd v. Highway Commission,* 241 N.C. 461,

85 S.E. 2d 703. The claim as filed is against the State Highway & Public Works Commission, arising by reason of the negligence of John Billie Harris, supervisor under Bob Moore, superintendent. Conceding that Bob Moore is not charged as being a negligent employee, John Billie Harris, *supervisor* under Bob Moore, is so charged. The name of the negligent employee and his position (supervisor) are both designated. At the beginning of the hearing both parties stipulated that R. W. (Bob) Moore was Supervisor for Franklin County and was in charge of maintenance at the time of the accident. Thereafter, the plaintiff, at least, dismissed Harris from further consideration.

We hold the stipulation of the parties was equivalent to and served all the purposes of an amendment to the claim. The stipulation eliminated Harris because he was not the supervisor and included R. W. Moore because he was. The amendment in the Superior Court substituting Moore for Harris added nothing to the claim.

The accident was caused by obstructions at either end of the narrow bridge. The Industrial Commission found the pavements at both places had been broken or removed and that instead of trenches, as stated in the claim, mounds of earth had been built up eight or ten inches high with the result "that from a distance the road had the appearance of being level at this point, and it was only when one was very close to the bridge that the mound could be detected; that there were no warning signs of any kind on the road leading to the bridge; and that said road at this point had been in this condition for at least 10 days prior to the accident." The location of the obstructions was fixed by the plaintiff's claim. Whether the broken pavement left a depression below the surface or an elevation above it that could not be discovered until one was "very close" would seem to be too immaterial to require amendment. This amendment added nothing to the claim.

The defendant's brief makes clear the defendant's view that only the negligence of Harris was involved. In this connection it must be conceded there was no evidence of negligence on the part of Harris. If the Commission took the same view the defendant did, that only the negligence of Harris was involved, it acted under a mistaken view of the law. "When this occurs, the usual practice with us is to remand the case for another hearing." *Realty Co. v. Planning Board*, 243 N.C. 648, 92 S.E. 2d 82. The claim and the evidence involved Moore's negligence.

The accident occurred at a time when the statute made contributory negligence a defense, Ch. 400, Session Laws of 1955, and not a part of the plaintiff's cause of action. *Floyd v. Highway Commission, supra.* The accident occurred during that 55-day

period when the law permitted recovery "when the claim arose as the result of a negligent act *or omission* on the part of a State employee." Chapters 400 and 1361, Session Laws of 1955. *Flynn v. Highway Commission,* 244 N.C. 617, 94 S.E. 2d 571.

This Court is unable to determine whether the Industrial Commission's finding of fact No. 6 involved the negligence (acts or omissions) of Harris only, or whether the finding also involved negligence on the part of R. W. Moore. The record does not answer this question. Only the Industrial Commission can give the answer, and the case must go back to the Commission for that answer and for any modification of the conclusion and of the award made necessary by such finding.

The order appealed from is not a final judgment. Appeal does not lie unless it deprives the appellant of some substantial right which might be lost if the order is not reviewed before final judgment. G.S. 1-277. *Edwards v. Raleigh,* 240 N.C. 137, 81 S.E. 2d 273; *Veazey v. City of Durham,* 231 N.C. 357, 57 S.E. 2d 377. The order appealed from states: "That the stipulated facts and additional findings of fact Nos. 1, 2, and 3, supported by the evidence, compel the conclusion that a dangerous condition existed on the road or highway referred to in the complaint for a period of at least 10 days prior to April 20, 1955; that prior to said date nothing was done to correct said condition or to warn those traveling upon said road of the condition, and that the plaintiff's injuries and damages proximately resulted from said dangerous condition. . . . Under the fact found it is the opinion of the court that whether or not R. W. Moore, the named employee, was negligent would depend upon whether or not he had notice, or in the exercise of ordinary care should have known of the dangerous condition of the said highway."

The function of the superior court judge is to "review alleged errors of law made by the Commission and presented . . . by the exceptions entered. He should overrule or sustain each and every exception addressed to alleged errors of law thus designated, so that the party aggrieved by his rulings may except thereto and present the question to this Court for review." *Worsley v. Rendering Co.,* 239 N.C. 547, 80 S.E. 2d 467. "The findings of fact of the Commission shall be conclusive if there is any competent evidence to support them." G.S. 143-293; *Vause v. Equipment Co.,* 233 N.C. 88, 63 S.E. 2d 173.

Negligence is a mixed question of fact and law. *Lowe v. Department of Motor Vehicles,* 244 N.C. 353, 93 S.E. 2d 448. On a mixed question of fact and law, the finding of the Industrial Commission is conclusive if there is sufficient evidence to sustain the facts involved. *Lewter v. Enterprises,* 240 N.C. 399,

82 S.E. 2d 410. The appellant's exception to the inclusion of the above quoted portion of the Superior Court's order is sustained. The Industrial Commission must be left free to make its own findings. If the prior hearing did not relate to and involve the question of Moore's negligence, then the Industrial Commission should re-open the inquiry as to that question, giving both parties opportunity to be heard.

The order of the Superior Court is modified by striking therefrom all except the direction that the case go back to the Industrial Commission for a finding as to the negligence of R. W. Moore and for any modification of the award made necessary by such finding. The order of the Superior Court to the extent here indicated is

Modified and Affirmed.