SHERMAN WILSON AND WIFE, EARLINE WILSON v. T. C. HOYLE, JR.,
TRUSTEE, CAMERON-BROWN COMPANY, A. N. McCOY, AND WIFE,
ERNESTINE McCOY, AMERICAN FEDERAL SAVINGS & LOAN AS-
SOCIATION, AND J. KENNETH LEE, TRUSTEE.

(Filed 16 December 1964.)

**1. Judgments § 38;    Pleadings § 8.1—**

The court has discretionary power to determine a plea of *res judicata*
prior to trial on the merits.

**2. Judgments § 38;    Pleadings § 30—**

Judgment of dismissal entered upon consideration of the pleadings in
the action, the judgment roll in a prior action, and stipulations as to iden-
tity of the parties and of subject matter, is not a judgment on the plead-
ings but a determination of the plea of *res judicata.*

**3. Judgments § 30—**

Judgment in a prior action between the parties attacking the validity of
a deed of trust and the foreclosure thereof and adjudicating that the pur-
chaser at the foreclosure obtained good title *held* to bar a subsequent ac-
tion between the parties attacking the foreclosure on the ground that the
signatures to the deed of trust were forgeries, even though the question of
forgery was not raised in the prior action, since such question was within
the scope of the pleadings in the prior action and one which the parties in
the exercise of reasonable diligence could and should have brought forward.

APPEAL by plaintiffs from *Gamble, J.*, March 4, 1964, Civil Session
of ROCKINGHAM.

Action instituted March 4, 1963, to remove a cloud from title to a
tract of land in Reidsville and Williamsburg Townships, Rockingham
County, particularly described in the complaint and referred to here-
after as the subject lands. After the particular description, the com-
plaint describes the subject lands as being "the same lands conveyed
to plaintiffs herein by deed from W. C. Falkener, *et ux*, Margaret
Falkener, dated February 2, 1961, and recorded in Book 562, at page
619," Rockingham County Registry.

Plaintiffs alleged they owned the subject lands in fee simple but do
not have possession thereof; that defendants McCoy claim an estate
or interest therein adverse to plaintiffs; and that "said alleged claim
of the defendants" is based solely on the following: ". . . defendants
McCoy have obtained their purported title to said lands by and through
*mesne* conveyances based upon a purported foreclosure of a certain
alleged Deed of Trust recorded in Book 526 at page 121 in the Office
of the Register of Deeds of Rockingham County, that this purported
Deed of Trust bearing the date of August 10, 1958 purports to be a
conveyance from plaintiffs herein to T. C. Hoyle, Jr., Trustee, for

Cameron-Brown Company; that this document was not signed or executed by the plaintiffs herein but that their purported signatures were affixed to said document by a person or persons unknown."

Plaintiffs alleged the subject lands were conveyed (by recorded deed) to defendants McCoy by J. Kenneth Lee, Trustee, and that defendants McCoy executed a (recorded) deed of trust on October 27, 1962, to J. Kenneth Lee, Trustee, for the American Federal Savings & Loan Association. (Note: The complaint gives no additional particulars as to either of these instruments.)

After alleging there is a forged instrument in the chain of title of defendants McCoy, to wit, the alleged purported deed of trust recorded in Book 526, page 121, said Registry, plaintiffs alleged: "That defendants McCoy have obtained a purported Judgment granting them title to and possession of the described premises, confirming a purported foreclosure of a Deed of Trust in the chain of title; that these plaintiffs have made no conveyance, valid or otherwise of their property and are therefore entitled to the possession and enjoyment of same."

Defendants McCoy, the only defendants served or attempted to be served with process, answered as follows:

Defendants McCoy asserted their ownership in fee simple of the subject lands:

(1) By purchase from J. Kenneth Lee, Trustee, pursuant to foreclosure of deed of trust recorded February 7, 1961, in Book 564, page 271, said Registry, executed by W. C. Falkener and wife, Margaret E. Falkener, as security for a debt of $6,000.00 to American Federal Savings & Loan Association.

(2) Under judgment entered November 26, 1962, in Rockingham Superior Court, in an action instituted January 29, 1962, by the plaintiffs herein against defendants McCoy and others entitled, *Sherman Wilson and wife, Earline Wilson v. A. N. McCoy and wife, Ernestine McCoy; American Federal Savings & Loan Association and J. Kenneth Lee, Trustee.*" They attached to their answer herein documents they alleged to be copies of judgments entered in said prior action. They alleged said judgments constituted *res judicata* and a bar to the present action.

The cause came on for hearing on the plea of *res judicata* asserted by defendants McCoy.

The judgment entered by Judge Gambill, after describing the subject lands and summarizing the pleadings herein, recites that "the

question of title to the real estate was put in issue" in said prior action, entitled as above, and continues and concludes as follows:

". . . and that judgment was rendered by Honorable Walter E. Crissman, Judge Presiding at the November Civil Term of Court, 1962, in which the Court entered as part of its judgment, 'That the foreclosure of the property described in this proceeding and described in paragraph #2 of the complaint foreclosing the Deed of Trust in Deed Book 567, page 271 in the Office of the Register of Deeds of Rockingham County, and which was a Deed of Trust on the land in question from W. C. Falkener, *et al*, to J. Kenneth Lee, Trustee, was valid in all respects and that the deed from J. Kenneth Lee, Trustee, to A. N. McCoy, conveyed complete and legal title to said property to A. N. McCoy and that plaintiffs, Sherman Wilson and wife, Earline Wilson, owned no interest in said property,' that said judgment was recorded in the office of the Clerk of Superior Court of Rockingham County and is a final judgment; that plaintiffs, by and through their attorney, Stedman Hines of the law firm of Hines, Dettor & Strange, Attorneys of record, stipulated that the plaintiffs, Sherman Wilson and wife, Earline Wilson, and A. N. McCoy and wife, Ernestine McCoy are the identical plaintiffs and two of the identical defendants in the case now pending and which is the subject of this controversy as in the case which Judge Walter Crissman entered judgment at the November Civil Term of Court for 1962, and that the land in controversy as described above in this judgment and in this pending legal action is the same land in controversy in the previous legal action entitled '*Sherman Wilson and wife, Georgia Earline Wilson v. A. N. McCoy and wife, Ernestine McCoy; American Federal Savings & Loan Association and J. Kenneth Lee, Trustee*'; that the Court finds as a fact from the stipulations of the parties and from the judgment dated November 26, 1962, of Judge Walter E. Crissman that title to the real estate was put in issue and that the defendants, A. N. McCoy and wife, Ernestine McCoy, have been adjudicated the owners in fee simple of said land described above and that the plaintiffs are estopped from attacking the title of the defendants, A. N. McCoy and wife, Ernestine McCoy, in the above described lands;

"It is therefore, ORDERED, ADJUDGED AND DECREED that the plaintiffs, Sherman Wilson and wife, Earline Wilson, are hereby estopped from asserting title to the land described above in this Judgment as against the defendants, A. N. McCoy and wife, Ernestine Mc-

Coy, and that the defendants, A. N. McCoy and wife, Ernestine Mc-Coy, are hereby declared owners in fee simple of land described in this Judgment; that the costs be taxed against the plaintiffs."

Plaintiffs excepted "(t)o the signing of the foregoing judgment" and appealed. Based thereon, plaintiffs' sole assignment of error is that "(t)he Court erred in signing the Judgment because it is erroneous in law."

*Hines & Dettor for plaintiff appellants.*
*Bethea, Robinson & Moore for defendant appellees.*

BOBBITT, J.  It was appropriate for Judge Gambill, in the exercise of his discretion, to determine the plea of *res judicata,* a plea in bar, prior to trial on the merits of plaintiffs' alleged cause of action. *Jones v. Mathis,* 254 N.C. 421, 425, 119 S.E. 2d 200, and cases cited.

In our view, the record does not support plaintiffs' contention that Judge Gambill entered judgment on the pleadings. The stipulations referred to in the judgment established the identity of parties and of subject matter in the two actions. The judgment refers to and quotes from Judge Crissman's judgment in the prior action. It contains a finding of fact that Judge Crissman's said judgment resolved the issue of title raised in the prior action by adjudicating defendants McCoy to be the owners in fee simple of the subject lands. Plaintiffs did not except to any recital, stipulation or finding of fact set forth in Judge Gambill's judgment. It is manifest the hearing before Judge Gambill was on the pleadings herein, the judgment roll in the prior action and the stipulations as to identity of parties and subject matter.

Judge Crissman's judgment of November 26, 1962, in the record before us, discloses that the cause of action alleged by plaintiffs in the prior action was an attack on the deed of trust recorded in Book 564, page 271, said Registry, executed by W. C. Falkener and wife, Margaret E. Falkener, and on the regularity of the foreclosure thereof by J. Kenneth Lee, Trustee; and that defendants McCoy asserted title and right to possession under deed executed and delivered by J. Kenneth Lee, Trustee, to A. N. McCoy pursuant to said foreclosure. Judge Crissman adjudged the validity of said deed of trust to J. Kenneth Lee, Trustee, and the validity of the foreclosure thereof, "and that the deed from J. Kenneth Lee, Trustee, to A. N. McCoy conveyed complete and legal title to said property to A. N. McCoy and that the plaintiffs Sherman Wilson and wife, Georgia Earline Wilson, own no interest in said property." (Note: Subsequently, the subject lands were conveyed by deed dated November 29, 1961, recorded in Book 576,

page 84, said Registry, executed and delivered by A. N. McCoy to A. N. McCoy and wife, Ernestine B. McCoy.) It was also ordered that the Sheriff of Rockingham County immediately eject plaintiffs from the subject lands and put defendants McCoy in possession thereof. It was also ordered that "the matter of determining what damages, if any, the defendants, A. N. McCoy and wife, Ernestine McCoy are entitled to receive from the plaintiffs is hereby continued to the next term of civil court of Rockingham County." (Note: According to their answer, defendants McCoy, at March 1963 Regular Civil Session in said prior action, were awarded judgment against plaintiffs for damages in the amount of $590.00 for the period plaintiffs were in wrongful possession of the subject lands.)

Plaintiffs did not appeal from the adverse judgment(s) in said prior action.

Plaintiffs' brief contains this statement: "Examination of the first action, judgment therein appearing on R. p. 12, would have shown that such judgment was based solely on alleged invalidities in foreclosure proceedings and that the theory of forgery of the Deed of Trust to be foreclosed was not raised."

Plaintiffs contend their present action is not barred because they are attacking ownership of the subject lands by defendants McCoy on different grounds from those they asserted in said prior action. The contention is without merit. While plaintiffs' allegations herein concerning an instrument alleged to be a forgery are vague, the instrument is alleged to be a deed of trust bearing date of August 10, 1958, purportedly executed by plaintiffs. Grounds, if any, for attack on the title of defendants McCoy on account of any matters relating to such a deed of trust existed and were available to plaintiffs when the prior action was instituted and adjudicated.

A final judgment, which adjudicates upon the merits the issues raised by the pleadings, "estops the parties and their privies as to all issuable matters contained in the pleadings, including all material and relevant matters within the scope of the pleadings, which the parties, in the exercise of reasonable diligence, could and should have brought forward." *Bruton v. Light Co.*, 217 N.C. 1, 7, 6 S.E. 2d 822, and cases cited; *King v. Neese*, 233 N.C. 132, 136, 63 S.E. 2d 123, and cases cited; *Hayes v. Ricard*, 251 N.C. 485, 494, 112 S.E. 2d 123; *Bowen v. Murphrey*, 256 N.C. 681, 683, 124 S.E. 2d 882.

In the prior action, the ultimate issue was whether plaintiffs or defendants McCoy were owners in fee simple of the subject lands. A final judgment adverse to plaintiffs was entered. Such judgment is *res judicata* and constitutes a bar to the present action.

Affirmed.