STEVE MORRIS v. A. E. PERKINS AND WIFE, GYPSY K. PERKINS

No. 6929SC503

(Filed 19 November 1969)

**1. Judgments § 45— plea in bar — former judgment — question presented**

When a former judgment is set up as a bar or estoppel, the questions presented are whether the former adjudication was on the merits of the action, whether there is an identity of the parties and the subject matter in the two actions, and whether the merits of the second action are identically the same as will support a plea of *res judicata.*

**2. Judgments § 35— conclusiveness of judgment — res judicata — prerequisites**

In order for a judgment to constitute *res judicata* in a subsequent action, there must be identity of parties, subject matter, issues and relief demanded, and it is required further that the estoppel be mutual.

**3. Judgments § 35— estoppel by judgment — mutuality**

An estoppel is mutual if the one taking advantage of the earlier adjudication would have been bound by it had it gone against him.

**4. Judgments § 36— estoppel by judgment — identity of parties and issues — privity — stockholders**

In an action by plaintiff, a stockholder in a named corporation, against the defendants husband and wife, who were also stockholders in the corporation, in which action plaintiff asks (1) that a note executed by plaintiff to the husband and assigned by the husband to the corporation be can-

celled and (2) that defendants be required to transfer to plaintiff 455 shares of stock in the corporation, which shares plaintiff lent to defendant as collateral for a loan, judgment rendered in a prior action between plaintiff and the corporation, which adjudicated the rights of the parties to the note assigned to the corporation, does not constitute a plea in bar to the present action, there being no identity of parties in the two actions, no privity among the parties, and no identity of subject matter in the two actions that would support the plea of *res judicata*.

APPEAL by plaintiff from *Froneberger, J.*, at the 14 July 1969 Session of TRANSYLVANIA Superior Court.

This is a civil action brought by plaintiff against defendants asking that a note dated 1 January 1965 for $16,902.50, executed by plaintiff to the male defendant, be cancelled, that defendants be required to transfer to plaintiff 455 shares of stock in The Mountainaire Corporation, and for judgment against defendants for $50,000.00 in the event defendants cannot return the stock. Hereinafter, the male defendant will be referred to as Perkins and the feme defendant as Mrs. Perkins.

The complaint is summarized as follows: (Numerals ours)

(1) In about February 1964, plaintiff was the owner of 455 shares of stock in The Mountainaire Corporation (Mountainaire); Perkins was the owner of 455 shares, one R. S. Morris was the owner of 10 shares, and one R. M. Redden was the owner of 70 shares of stock in said corporation.

(2) On or about 1 January 1965, Perkins, with the intent to defraud plaintiff, falsely represented to plaintiff that he needed plaintiff to execute an instrument and also lend Perkins plaintiff's stock to use as collateral so as to obtain a bank loan; Perkins assured plaintiff that both the instrument and stock would be returned to plaintiff. In reliance on said assurance, plaintiff and his wife executed a promissory note to Perkins for $16,902.50; a copy of the note is attached to the complaint as an exhibit, is dated 1 January 1965, and is summarized as follows: payable to Perkins in ten equal annual installments of $1,690.25 each, the first installment being payable on 15 January 1966 and one installment on the 15th day of each January thereafter until the entire indebtedness is paid, with interest from date at 6% per annum, payable annually; 455 shares of Mountainaire stock are pledged as collateral security for the note; failure to pay any installment when due will at payee's option render the entire note payable immediately; upon default payee is authorized to sell, assign and deliver any or all of said stock at either public or private sale; in the event of public sale and if such sale is advertised, it is agreed that advertisement of the time, place and

terms of the sale be posted on the bulletin board at the Transylvania County Courthouse for ten days prior to the sale.

(3)   On 23 June 1967, plaintiff filed suit in the General County Court of Henderson County against Mountainaire on eleven separate promissory notes totaling $20,675.00 plus interest. On or about 14 July 1967, Perkins sold at public sale at the courthouse door at Brevard the 455 shares of Mountainaire stock pledged by plaintiff to Perkins. The $16,902.50 note executed by plaintiff to Perkins was without consideration and Perkins did not pay, release or relinquish anything of value in obtaining said note and the 455 shares of stock. The exhibit of the note shows that $1,000.00 was credited on the note on 14 July 1967 "by reason of the sale of the 455 shares of stock in the Mountainaire Corporation which sale was conducted, after due advertisement, as authorized in this note, at the front courthouse door, in the City of Brevard, N. C., on 14 July 1967." The exhibit also shows an assignment of the note from Perkins to Mountainaire in words and form as follows: "For value, I hereby assign, transfer, and deliver unto The Mountainaire Corporation all my right, title and interest in and to the within note, on which there remains unpaid $16,902.50, with interest from 1 January, 1965, at the rate of 6% per annum, less a credit of $1,000.00 applied on 14 July, 1967. This 15 July, 1967.   /s/ A. E. Perkins (SEAL)"

(4)   At the sale of said stock, Perkins sold the 455 shares owned by plaintiff to Mrs. Perkins and she is now the holder of said stock; that Mrs. Perkins did not obtain title to said stock by reason of said sale for the reason that the purported transfer of the stock from Perkins to Mrs. Perkins was illegal and void. Mrs. Perkins paid nothing for said stock which has a fair market value of $50,000.00.

(5)   In the suit which plaintiff filed against Mountainaire, said corporation filed an answer and counterclaim on several notes which plaintiff executed to Perkins and which Perkins had assigned to the corporation (including the $16,902.50 note aforesaid). The promissory notes executed by plaintiff to Perkins and the notes executed by Mountainaire to plaintiff were satisfied in full by a judgment entered in the General County Court of Henderson County on 14 November 1968, a copy of said judgment being attached to the complaint and by reference made a part thereof, said judgment being summarized as follows: Mountainaire, for value, executed to plaintiff all the notes set forth in the complaint and plaintiff is entitled to recover the amounts thereof. Mountainaire is entitled to recover of plaintiff on the notes set forth in the answer and counterclaim (these being the notes transferred from Perkins to Mountainaire). The judgment

sets forth in detail the various amounts of each note, and interest thereon, that plaintiff is entitled to recover of Mountainaire and the various notes that Mountainaire is entitled to recover of plaintiff, the latter notes including the $16,902.50 note dated 1 January 1965 from plaintiff to Perkins, less a credit of $1,000.00 as of 14 July 1967; the judgment finally provides that Mountainaire owed plaintiff $78.54.

(6)   Perkins and Mrs. Perkins conspired to unlawfully transfer the 455 shares of stock owned by plaintiff and conducted an unlawful and illegal sale in violation of the laws of the United States with intent to defraud plaintiff of his stock. (The complaint alleged certain acts of Congress setting forth requirements for transfer of control of any corporation holding a license for a radio station, but the three paragraphs of the complaint pertaining to said regulation were stricken on motion of Perkins.)

Defendants filed answer to the complaint, denying various allegations thereof alleging wrongful or unlawful acts on the part of defendants, and setting forth a further answer and defense and plea in bar in which defendants set forth the entire summons, complaint, answer and judgment in the case of plaintiff against Mountainaire instituted and disposed of in the General County Court of Henderson County. In a reply to defendants' further answer and plea in bar, plaintiff admitted the allegations setting forth the entire pleadings and judgment in the Henderson County Court action.

Defendants' plea in bar was heard by Froneberger, J., on 14 July 1969 and from judgment sustaining the defendants' plea in bar and dismissing the action, plaintiff appealed.

*Cecil C. Jackson, Jr., for plaintiff appellant.*

*Redden, Redden & Redden for defendant appellees.*

BRITT, J.

[1]   In *Lumber Co. v. Hunt*, 251 N.C. 624, 112 S.E. 2d 132, in an opinion by Parker, J. (now C.J.), it is said:

"When a former judgment is set up as a bar or estoppel, the question is whether the former adjudication was on the merits of the action, and whether there is such an identity of the parties and of the subject matter in the two actions, and whether the merits of the second action are identically the same, as will support a plea of *res judicata. Hayes v. Ricard*, 251 N.C. 485,

112 S.E. 2d 123; McIntosh, N.C. Practice & Procedure, 2d Ed., Sec. 1236(7)."

[2, 3]    In *Shaw v. Eaves*, 262 N.C. 656, 138 S.E. 2d 520, in an opinion by Moore, J., it is said:

" 'The doctrine of *res judicata* as stated in many cases is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.' 30A Am. Jur., Judgments, § 324, p. 371. In order for a judgment to constitute *res judicata* in a subsequent action there must be identity of parties, subject matter, issues and relief demanded, and it is required further that the estoppel be mutual. *Light Co. v. Insurance Co.*, 238 N.C. 679, 79 S.E. 2d 167; *Stansel v. McIntyre*, 237 N.C. 148, 74 S.E. 2d 345; *Cameron v. Cameron*, 235 N.C. 82, 68 S.E. 2d 796; *Leary v. Land Bank*, 215 N.C. 501, 2 S.E. 2d 570. In order for a party to be barred by the doctrine of *res judicata*, it is necessary not only that he should have had an opportunity for a hearing but also that the identical question must have been considered and determined adversely to him. *Crosland-Cullen Co. v. Crosland*, 249 N.C. 167, 105 S.E. 2d 655.  *  *  *

*  *  *

An estoppel is mutual if the one taking advantage of the earlier adjudication would have been bound by it had it gone against him. *Bernhard v. Band of America Nat. Trust & Sav. Ass'n.*, 122 P. 2d 892.  *  *  *"

[4]    The judgment pleaded in bar in this action was rendered in an action in which Steve Morris, the plaintiff in this action, was the only plaintiff and The Mountainaire Corporation was the only defendant. In the present action, Steve Morris is the plaintiff and Perkins and Mrs. Perkins are the defendants. Thus, we do not find an identity of parties in the two actions. Was there privity among the parties? We think not.

In the 4th Edition of Black's Law Dictionary, p. 1361, privity is defined as follows:

"Mutual or successive relationship to the same rights of property. 1 Greenl. Ev. § 189; *Duffy v. Blake*, 91 Wash. 140, 157 P. 480, 482; *Haverhill v. International Ry. Co.*, 217 App. Div. 521, 217 N.Y.S. 522, 523.

Thus, the executor is in privity with the testator, the heir with

the ancestor, the assignee with the assignor, the donee with the donor, and the lessee with the lessor. *Litchfield v. Crane,* 8 S. Ct. 210, 123 U.S. 549, 31 L. Ed. 199."

In *Dudley v. Jeffress,* 178 N.C. 111, 100 S.E. 253, Clark, C.J., quoting from *Boughton v. Harder,* 61 N.Y. Supp. 574, said: "Privity implies succession. He who is in privity stands in the shoes or sits in the seat of the owner from whom he derives his title and thus takes it with the burden attending it." There is no showing that Mountainaire acquired any property rights in the former action that succeeded to defendants. Furthermore, it cannot be said that any estoppel created by the former action was mutual as between plaintiff on the one hand and defendants herein on the other. We perceive nothing about the former action that would have been binding on Perkins or Mrs. Perkins regardless of its outcome.

It is true that the record discloses that Perkins and Mrs. Perkins were major shareholders in Mountainaire but that fact does not create privity of parties. Analogous is the holding in *Lumber Co. v. Hunt, supra,* stated in the fourth headnote as follows:

"A corporation is not barred from maintaining an action for damages to its vehicle by reason of a prior judgment in favor of defendant in an action by its president against the same defendant to recover for personal injuries arising out of the same accident, even though the president of the corporation is its controlling shareholder, and chairman of its board of directors, and has control of its action, since there is no identity or privity of parties within the purview of the doctrine of *res judicata.*"

Nor do we think there is such an identity of subject matter in the two actions that would support the plea of *res judicata.* In the former action, plaintiff sued to recover on certain notes and Mountainaire pled as a setoff, cross-action or counterclaim the notes assigned to it by Perkins. Although in the present action plaintiff asks that the $16,902.50 note from plaintiff to Perkins dated 1 January 1965 be rescinded and cancelled, the principal relief prayed for in the complaint is that defendants be required to transfer to plaintiff 455 shares of stock in Mountainaire or if the stock cannot be recovered that plaintiff have judgment against defendants for $50,-000.00. The judgment in the former action made no adjudication regarding any stock in Mountainaire; it only adjudicated the rights of the parties to that suit relative to certain promissory notes. It cannot be said that the *identical* question posed in the instant case was considered and determined adversely to plaintiff in the former action. *Crosland-Cullen Co. v. Crosland, supra.*

The only question before us is did the trial court commit error in sustaining defendants' plea in bar and dismissing the action on that ground. We hold that it did and the judgment dismissing the action is

Reversed.

BROCK and VAUGHN, JJ., concur.