DONALD RAY MASON AND RELIANCE INSURANCE COMPANY v. NORTH CAROLINA STATE HIGHWAY COMMISSION

No. 7014IC182

(Filed 6 May 1970)

1. Judgments § 35— res judicata

In order for a judgment to constitute *res judicata* in a subsequent action there must be identity of parties, subject matter, issues and relief demanded.

2. State § 7; Judgments § 37— tort claim — denial of claim — failure to show negligence of named employee — subsequent claim — allegations of negligence by different employees — res judicata

In this action under the Tort Claims Act for damages allegedly sustained as the result of negligence by two named State Highway Commission employees, the Industrial Commission did not err in sustaining defendant's plea of *res judicata* based upon a superior court judgment which affirmed the Industrial Commission's denial of a previous claim for the same accident filed by plaintiffs against the Highway Commission in which negligence by a different Highway Commission employee was alleged, the Industrial Commission having found in the original action that there was

no evidence of a negligent act on the part of the employee named in the affidavit.

**3. State § 5— tort claim — State agency**

   The only claim authorized by the Tort Claims Act is a claim against a State agency.

**4. State § 7— tort claim — naming of negligent employee in affidavit**

   The reason for requiring the negligent State employee to be named in the affidavit required under the Tort Claims Act is so that the department of the State against which claim is made will not have to investigate all of its employees, but only those alleged to have been negligent.

**5. State § 7— tort claim — naming of wrong State employee — motion to amend affidavit**

   If a claimant mistakenly names a wrong employee, his remedy is to address a motion to amend the affidavit to the sound discretion of the Industrial Commission.

   BRITT, J., dissenting.

APPEAL by plaintiffs from order of the North Carolina Industrial Commission filed 14 November 1969.

In August of 1966 plaintiffs filed claims with the North Carolina Industrial Commission under the Tort Claims Act, G.S. 143-291 *et seq.*, alleging that they sustained damages on 14 July 1966 proximately caused by the negligence of an employee of the State Highway Commission. Plaintiff Reliance Insurance Company is a subrogee of plaintiff Donald Ray Mason, having paid him, under the terms of an insurance policy issued to him, for a certain portion of the damages he allegedly sustained.

T-1 affidavits required under the Act were filed and paragraph 3 of each affidavit stated in part:

   ". . . K. M. Duncan being employed by the State of North Carolina through the North Carolina State Highway Commission as Road Maintenance Supervisor for the State of North Carolina, Fifth Highway Division, for damages resulting from the negligence of the State of North Carolina and K. M. Duncan, Road Maintenance Supervisor for the State of North Carolina, Fifth Division."

The claims were consolidated for hearing and heard by Deputy Commissioner Thomas who found facts and concluded, *inter alia:*

   "Plaintiffs allege negligence on the part of K. M. Duncan, who admittedly was road maintenance supervisor for defendant in Durham County, North Carolina. There being no evidence of a negligent act on the part of Duncan, plaintiffs' claim must be denied."

Plaintiffs appealed to the Full Commission and filed a motion with the Full Commission requesting that additional evidence be taken and that plaintiffs be allowed to amend the affidavits to make them conform with the evidence. The Full Commission denied plaintiffs' motion and affirmed the order and decision of the Deputy Commissioner. Appeal was then taken to the Superior Court where an order was entered reversing the denial of plaintiffs' motion by the Industrial Commission and remanding the case for a rehearing. Defendant appealed from this order to the Supreme Court. In *Mason v. Highway Commission,* 273 N.C. 36, 159 S.E. 2d 574, the Supreme Court, speaking through Lake, J., reversed the order of the Superior Court on the grounds that plaintiffs' motion was addressed to the sound discretion of the Industrial Commission. The case was thereupon remanded to the Superior Court for its determination respecting certain exceptions taken by plaintiffs to the findings of fact and conclusions of law of the Commission. On 16 April 1968, the Superior Court overruled plaintiffs' exceptions and assignments of error and affirmed the decision and order of the Industrial Commission.

Subsequently, on 26 April 1968, plaintiffs filed the claims now involved. The allegations in the affidavits filed in connection with the new claims are identical to those filed in the original case with two exceptions. A larger sum for damages is claimed in the new affidavits and two employees who were not mentioned in the affidavits filed in the former proceedings are named as the negligent employees of the State Highway Commission.

Defendant filed a plea in bar asserting that the judgment of the Superior Court, dated 16 April 1968, constituted *res judicata* and barred the claims filed on 26 April 1968. The plea in bar was sustained by the Hearing Commissioner and the actions dismissed. The Full Commission thereafter affirmed the order of the Hearing Commissioner and plaintiffs appealed.

*Robert Morgan, Attorney General, by Fred P. Parker, III, Trial Attorney, for the State.*

*Brooks and Brooks by Eugene C. Brooks, III, for plaintiff appellants.*

GRAHAM, J.

The sole question presented by this appeal is whether the Industrial Commission erred in affirming the order of the Hearing Commissioner dismissing plaintiffs' claims as barred on the grounds of *res judicata.*

We are of the opinion that the decision of the Industrial Commission was correct and must be affirmed.

**[1, 2]**  "In order for a judgment to constitute *res judicata* in a subsequent action there must be identity of parties, subject matter, issues and relief demanded, . . ." *Shaw v. Eaves,* 262 N.C. 656, 661, 138 S.E. 2d 520. The claims here involved arise from the identical facts upon which recovery was originally sought. The parties are identical. The merits of the cases are identical. The type of relief sought is the same though plaintiffs now seek more substantial damages. The alleged acts of negligence are identical. The only difference is that here plaintiffs allege that the negligence was that of employees Howard Vernon Moore and Cornelius Perry rather than that of employee K. M. Duncan as alleged in affidavits filed in the original cases.

**[3]**  G.S. 143-297 provides that in all claims brought under the Tort Claims Act an affidavit must be filed in duplicate, setting forth among other things "[t]he name of the department, institution or agency of the State against which the claim is asserted, and the name of the State employee upon whose alleged negligence the claim is based; . . ." However, it is the agency and not the employee named who is a party. "The only claim authorized by the Tort Claims Act is a claim against the State agency. True, recovery, if any, must be based upon the actionable negligence of an employee of such agency while acting within the scope of his employment. However, recovery, if any, against the alleged negligent employee must be by common law action." *Wirth v. Bracey,* 258 N.C. 505, 507, 508, 128 S.E. 2d 810.

**[4, 5]**  The reason for requiring the negligent employee to be named in the affidavit is so that the department of the State against which claim is made will not have to investigate all of its employees, but only those alleged to have been negligent. *Tucker v. Highway Commission,* 247 N.C. 171, 100 S.E. 2d 514; *Floyd v. Highway Commission,* 241 N.C. 461, 85 S.E. 2d 703. If a claimant mistakenly names a wrong employee, his remedy is to address a motion to amend the affidavit to the sound discretion of the Industrial Commission. We note that in the original action, during the hearing before the Deputy Commissioner, the employees Howard Vernon Moore and Cornelius Perry were identified by defendant's witnesses as the persons in charge of the placing of warning signals at the site of the alleged damage to claimants. However, claimants did not ask for a recess to interview these two employees, nor did they move for leave to amend their affidavits. Instead, upon appeal to the Full Commission, claim-

ants moved for a new trial upon the grounds of newly discovered evidence. This motion the Full Commission, in its discretion, denied. See *Mason v. Highway Commission, supra.* To allow a claimant to get back into court under such circumstances and have unlimited opportunity to pursue the same cause of action against the same party opens the door for "infinite vexation."

*Res judicata* as a bar to a subsequent action involves principles long established in this jurisdiction. In *Garner v. Garner,* 268 N.C. 664, 666, 667, 151 S.E. 2d 553, Branch, J., quoted, with approval, from former decisions of the Supreme Court as follows:

" ' "The principles governing estoppels by judgment are established by a long line of decisions in this and other states, and we have no desire to take a new departure which will shake the long-settled law as to *res judicata.* This rule is thus stated in 1 Herman Estoppel, sec. 122, and is fortified by a long list of leading authorities there cited: 'The judgment or decree of a court possessing competent jurisdiction is final as to the subject-matter thereby determined. The principle extends further. It is not only final as to matter actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have decided . . . . This extent of the rule can impose no hardship. It requires no more than a reasonable degree of vigilance and attention; a different course might be dangerous and often oppressive. It might tend to unsettle all the determinations of law and open a door for infinite vexation. The rule is founded on sound principle.' " ' *Moore v. Harkins,* 179 N.C. 167, 101 S.E. 564. This principle was again recognized by this Court when Barnhill, J. (later C.J.), speaking for the Court in the case of *Bruton v. Light Co.,* 217 N.C. 1, 6 S.E. 2d 622 [sic], said: 'A judgment rendered in an action estops the parties and their privies as to all issuable matters contained in the pleadings, including all material and relevant matters within the scope of the pleadings, which the parties, *in the exercise of reasonable diligence, could and should have brought forward.* . . . The whole tendency of our decisions is to require a plaintiff to try his whole cause of action and his whole case at one time. He can neither *split up his claim nor divide the grounds of recovery.*' (Emphasis ours) See also *Gaither Corp. v. Skinner,* 241 N.C. 532, 85 S.E. 2d 909, and *Wilson v. Hoyle,* 263 N.C. 194, 139 S.E. 2d 206."

Allegations of negligence on the part of the employees in question could and should have been made in the original actions. To hold

otherwise would permit the first actions to be simply expensive and time consuming discovery proceedings to be used as a basis for future identical actions on the same claim.

Affirmed.

BROCK, J., concurs.

BRITT, J., dissenting:

In my opinion the Industrial Commission erred in sustaining defendant's plea of *res judicata* and dismissing plaintiffs' claims instituted on 26 April 1968.

The Industrial Commission stated that the reason for dismissing the former claims was that plaintiffs alleged negligence on the part of K. M. Duncan, defendant's maintenance supervisor in Durham County, and "[t]here being no evidence of a negligent act on the part of Duncan, plaintiffs' claim must be denied."

In *Lumber Co. v. Hunt*, 251 N.C. 624, 112 S.E. 2d 132, in an opinion by Parker, J. (later C.J.), and quoted with approval by us in *Morris v. Perkins*, 6 N.C. App. 562, 170 S.E. 2d 642, it is said:

"When a former judgment is set up as a bar or estoppel, the question is whether the former adjudication was on the merits of the action, and whether there is such an identity of the parties and of the subject matter in the two actions, and whether the merits of the second action are identically the same, as will support a plea of *res judicata*. *Hayes v. Ricard*, 251 N.C. 485, 112 S.E. 2d 123; McIntosh, N.C. Practice & Procedure, 2d Ed., Sec. 1236(7)."

In *Shaw v. Eaves*, 262 N.C. 656, 138 S.E. 2d 520, in an opinion by Moore, J. (Clifton L.), and quoted with approval by us in *Morris v. Perkins, supra*, it is said:

"In order for a party to be barred by the doctrine of *res judicata*, it is necessary not only that he should have had an opportunity for a hearing but also that the identical question must have been considered and determined adversely to him. *Crosland-Cullen Co. v. Crosland*, 249 N.C. 167, 105 S.E. 2d 655."

In the instant case, it is true that the former adjudication was on the merits of the claims as pleaded at that time and that there was an identity of parties and of subject matter in the two claims,

but merits of the second claims were not *identically* the same as those of the first claims and the identical question presented in the second claims was not considered and determined adversely to plaintiffs in the first claims. In their present claims, plaintiffs contend that they were injured and damaged because of the negligence of Moore and Perry; that identical question was not considered and determined adversely to them in the former claims.

In many common law actions by an injured person against a principal based on the negligence of an employee, the providing of the name of the employee is not necessary. But, this is not a common law action; it is a remedy based entirely on statutes and one of those statutes, G.S. 143-297, provides, *inter alia*, that "the name of the State employee upon whose alleged negligence the claim is based" must be provided along with other pertinent information in an affidavit filed with the Industrial Commission.

I vote to reverse the decision and order of the Industrial Commission from which plaintiffs appealed.