ETHEL AGNES FLYNN, ADMINISTRATRIX OF THE ESTATE OF TERRY EUGENE FLYNN, DECEASED, v. NORTH CAROLINA STATE HIGHWAY AND PUBLIC WORKS COMMISSION.

(Filed 17 October, 1956.)

**1. State § 3a—**

Under the State Tort Claims Act recovery is permitted for injuries resulting from a negligent act, but not those resulting from a negligent omission on the part of State employees. G.S. 143-291.

**2. Same: Highways § 6—**

Recovery cannot be had under the State Tort Claims Act for injuries in a wreck resulting from the negligent failure or omission of the responsible employees of the Highway Commission to repair a hole in a State highway.

JOHNSON, J., not sitting.

PARKER, J., concurs in result.

FLYNN *v.* HIGHWAY COMMISSION.

APPEAL by plaintiff from *Froneberger, J.,* February-March 1956 Civil Term, BUNCOMBE Superior Court.

This proceeding originated before the North Carolina Industrial Commission upon a claim for wrongful death as a result of alleged negligent acts of certain named employees of the defendant, in that they failed to repair a break or hole in the road surface which in turn caused the fatal wreck. It was stipulated that J. T. Snipes was highway Commissioner for the Thirteenth Highway Division, E. H. Aiken was county maintenance superintendent, Frazier Head was section foreman, and Hubert Roberts and Clyde Hensley were maintenance employees of the State Highway & Public Works Commission. The foregoing employees were charged with the duty of maintaining roads of the State highway system, including the Cane Creek Road.

The Hearing Commissioner found the following facts:

"1. That on Sunday, July 25, 1954, at about 5:30 p. m. the plaintiff Gene Flynn was operating his 1935 Ford pickup truck North on Cane Creek Road, in Buncombe County, North Carolina, at a speed between 30 and 35 miles per hour; that the road was dry and the sun was shining; that his wife, Ethel Agnes Flynn, and Arthur Long were riding with him on the seat of said truck; that his five children, namely Ethel Mae Flynn, Margaret Gene Flynn, Mary Ellen Flynn, Tommy Larry Flynn and Terry Eugene Flynn were riding in the back of said truck; that this was a panel truck with the side boards on it about three feet high.

"2. That Cane Creek Road in Buncombe County is a public highway approximately eighteen feet wide, paved with asphalt, and is a highway of the State Highway System and is maintained by the State Highway & Public Works Commission; that when the plaintiff Gene Flynn was rounding a curve to his right travelling North, he met another motor vehicle travelling South in the sharpest point of the curve; that upon meeting and passing said motor vehicle the right front wheel of his truck ran into a hole on the east edge of the pavement on his right shoulder of the road, causing him to lose control of his truck; that it ran into an embankment on the right hand shoulder of the highway throwing said motor vehicle into a ditch across the road and into an embankment on his left hand side of the highway resulting in the almost instant death of Terry Eugene Flynn and injuring all of the other occupants of said truck.

"3. That the Cane Creek Road at the place of said accident and for more than 300 feet both to the North and to the South of said hole was open country road; that the hole on the East edge of said highway was on the right hand shoulder of said highway going

North, and extended into the paved portion of said highway approximately 16 inches, that this hole was crescent shaped, approximately 35 inches in length, 16 inches in width and varied from 1½ to 8 inches in depth; that this hole had existed in substantially the same condition for approximately 30 days prior to July 25, 1954; that due to the topography of the surroundings and the particular location of the hole, it was somewhat difficult to see, but during said month other motor vehicles had travelled in and through said hole in safety and with little difficulty; that only in passing in and through said hole had it been observed and called to the attention of the various witnesses."

The Commissioner also found there was no actual notice to the defendant's employees of the defect in the road and that the facts were not sufficient to constitute constructive notice.

Upon the foregoing findings, the Hearing Commissioner made an award denying liability. The claimant duly assigned errors, among them the failure to make requested findings, and appealed to the full Commission. The full Commission, after hearing and review, adopted as its own the findings, conclusions, and award made by the Hearing Commissioner. Upon appeal, the Judge Superior Court of Buncombe County overruled all exceptions and assignments of error and entered judgment affirming the findings and award made by the full Commission. The claimant duly excepted and appealed to this Court.

*William J. Cocke, Sam M. Cathey, for plaintiff, appellant.*
*Kenneth Wooten, Jr.,*
*Harkins, Van Winkle, Walton & Buck,*
*By: O. E. Starnes, Jr., for defendant, appellee.*

HIGGINS, J. The claim in this case is based on the alleged negligent failure of the named employees of the State Highway & Public Works Commission to repair a hole or break in the surface of the Cane Creek Road caused by public travel over it. In passing another vehicle, the father of plaintiff's intestate drove his pickup truck into the hole, lost control of it, wrecked it, with the result that Terry Flynn, age four years, was killed and the remaining seven occupants were injured. The claimant contends the break in the road surface was of such size and had existed for such length of time as to give the defendant's agents, naming them, constructive notice of its existence; and their failure to repair it was negligence. The claimant further contends she has the right to prosecute a claim for damages against the defendant under the Tort Claims Act, G.S. 143-291. The pertinent part of the Act in effect at the time the claim arose is here quoted:

"The Industrial Commission shall determine whether or not each individual claim arose as a result of a negligent act of a State employee while acting within the scope of his employment and without contributory negligence on the part of the claimant or the person in whose behalf the claim is asserted. If the Commission finds there was such negligence on the part of a State employee while acting within the scope of his employment which was the proximate cause of the injury and there was no contributory negligence on the part of the claimant or the person in whose behalf the claim is asserted, the Commission shall determine the amount of damages which the claimant is entitled to be paid, including medical and other expenses, and by appropriate order direct the payment of such damages by the department, institution or agency concerned, but in no event shall the amount of damages awarded exceed the sum of eight thousand dollars ($8,000.00)."

In order to authorize the payment of compensation, the Industrial Commission's findings must include (1) a negligent act, (2) on the part of a State employee, (3) while acting in the scope of his employment, etc. The first requirement is that the claimant show a *negligent act*. Is a failure to repair a hole in the highway caused by ordinary public travel a negligent act? The requirement of the statute is not met by showing negligence, for negligence may consist of an act or an omission. Failure to act is not an act. We think it was the intent of the Legislature to permit recovery only for the *negligent acts* of its employees, for the things done by them, not for the things left undone. If the intent had been otherwise, it would have been easy to permit recovery for the negligent acts *and omissions* of State employees. The Industrial Commission then would be authorized to award damages resulting from a negligent act or from a negligent failure to act.

That the interpretation here given is correct, we think, is shown conclusively by subsequent legislative enactments. Chapter 400, Session Laws of 1955, ratified 31 March, 1955, amended the Tort Claims Act by inserting after the words, "negligent act," the words, "or omission." By inserting the additional words the conclusion is inescapable the Legislature did not consider they were already included. However, on 16 May, 1955, Chapter 1361, an amendment to Chapter 400, was passed, striking out the words, "or omission." By taking these words out, the conclusion is likewise inescapable that it was the legislative intent they should not be included.

From the foregoing we conclude the claim of damages as the result of failure to repair Cane Creek Road is not compensable under G.S. 143-291 and amendments thereto. Consequently, the judgment of the Superior Court of Buncombe County is

Affirmed.

JOHNSON, J., not sitting.

PARKER, J., concurs in result.