MRS. EDNA GORDON, ADMINISTRATRIX OF THE ESTATE OF CRAWFORD
GORDON, DECEASED; GEORGE WASHINGTON ELMORE, ADMINISTRA-
TOR OF THE ESTATE OF JOHN ELMORE, DECEASED; ADA ALLEN, ADMIN-
ISTRATRIX OF THE ESTATE OF LASCO WILEY, DECEASED; FRANK GIL-
LIAM, BEN MIXON, AND McKINLEY JUNIOR TUCKER v. NORTH
CAROLINA STATE HIGHWAY AND PUBLIC WORKS COMMISSION.

(Filed 2 July, 1959.)

**1. State § 3b—**

Evidence tending to show that an employee of the State Highway
Commission was driving a truck at a speed of 15 to 20 m.p.h. down-
grade, that the brakes suddenly failed, that the truck gathered momen-
tum and that the right front wheel came off at a sharp curve causing
the vehicle to overturn, resulting in the injuries in suit, but that the
driver did not lose control until after the brakes had failed, and that
he then did everything possible to avoid the mishap, *held* insufficient to
show negligence on the part of the driver.

**2. Same—**

The evidence tended to show that the brakes of the truck in question
suddenly gave way while it was traveling downgrade, that it gained
momentum and a front wheel came off on a sharp curve, causing it to
overturn, resulting in the injuries in suit. The evidence further tended
to show that the truck had been inspected before being placed in service,
and that it had been operated without mishap for one week prior to the
occasion in suit, and there was no evidence that the inspection and re-
pair of the truck were improperly done. *Held:* The evidence is insuffi-
cient to show that respondent sent the passengers out in a truck known
to be in such condition as to endanger their lives or safety.

**3. State § 3e—**

The findings of fact by the Industrial Commission in a proceeding un-
der the State Tort Claims Act are conclusive when supported by compe-
tent evidence even though there be evidence which would support a
contrary finding.

APPEAL by claimants from *Campbell, J.,* October, 1958 Civil Term,
MADISON Superior Court.

This is a proceeding before the North Carolina Industrial Commis-
sion to recover under the Tort Claims Act (G. S. 143-291, *et seq.*) for
the deaths of Crawford Gordon and Lasco Wiley, and for injuries to
John Elmore, Frank Gilliam, Ben Mixon, and McKinley Junior Tucker,
alleged to have been caused by the negligent acts of the respondent
North Carolina State Highway & Public Works Commission. The
particular acts of negligence upon which the claimants rely are alleged
to have been committed by the named employee and agent, Wade Jun-
ior Garden, truck driver. Each claimant alleges as a basis for liability,
the following negligent acts:

"1. Said truck was being operated at a high and unlawful rate of speed prior to and at the time of collision and upset.

"2. Said truck was not lawfully and properly maintained but was operated in a dilapidated, defective and dangerous condition, and without proper brakes, all of which was known to State Highway Commission, its agents and employees.

"3. That said truck was operated by said employee in a negligent, unlawful and careless manner in his failure to observe and heed existing driving conditions and to keep same under control."

Those killed and injured were prisoners assigned to work on the roads under the State Highway & Public Works Commission. At the time of the accident, June 2, 1955, the prisoners were being returned from work to camp in a State Highway & Public Works truck driven by Wade Junior Garden. In their brief, all claimants state:

"On that date, as the truck was being driven on a mountain road, U. S. Highway 25-70, in Madison County, transporting the above named prisoners, at a speed of about 15 to 20 miles per hour, downgrade, the driver heard a popping noise, attempted to apply the footbrakes and found they were inoperative. One Meadows, an employee of defendant, riding in the cab of the truck, attempted to apply the emergency brake, which had no noticeable effect on the speed of the truck (R. 38). The driver then shifted into second gear, as the truck picked up speed, but the gears apparently broke or stripped and would not hold (R. 39). With no gears and no brakes, the truck and trailer continued down the road, increasing speed, out of control, until the right front wheel came off on a sharp curve, and caused the vehicle to turn over (R. 38, 39), resulting in the death of Lasco Wiley and Crawford Gordon, and injuries to the other prisoners. John Elmore died at a later date, after institution of this action, of causes not related to the accident in question."

After both parties had presented their evidence, the hearing commissioner, Thomas, found as a fact the evidence failed to establish a negligent act on the part of any designated State department or employee and concluded as a matter of law the State Highway & Public Works Commission was not liable. Awards were made denying all claims. Upon review before the full Commission, the findings of the hearing commissioner, his conclusions of law and awards were in all respects approved and affirmed. After hearing on the record pursuant to appeal, the Superior Court of Madison County entered judgment affirming the full Commission, from which the claimants appealed.

*Malcolm B. Seawell, Attorney General, Kenneth Wooten, Jr., Asst. Attorney General, Parks H. Icenhour, Trial Attorney, for the State. Meekins, Packer & Roberts for plaintiffs, appellants.*

HIGGINS, J.   All claims filed with the North Carolina Industrial Commission alleged the same negligent acts.   All the evidence shows the truck involved in the accident was being operated at a speed of 15-20 miles per hour prior to the brake failure, and that the increased speed thereafter was because of that failure.   There was no evidence of speed or of the negligent, unlawful, or careless operation of the truck on the part of the driver Garden until the brake failure caused loss of control.   Claimants' alleged negligent acts one and three are not supported by evidence.

Claimants rely, in the main, on their claim that the truck was unlawfully maintained and "was operated in a dilapidated, defective and dangerous condition, and without proper brakes, all of which was known to" the respondent.   The evidence fails to disclose negligent failure to inspect the truck by any named agent or employee of the State Highway & Public Works Commission charged with that duty. *Lawson v. Highway Commission,* 248 N. C. 276, 103 S. E. 2d 366; *Tucker v. Highway Commission,* 247 N. C. 171, 100 S. E. 2d 514; *Flynn v. Highway Commission,* 244 N. C. 617, 94 S. E. 2d 571.

A case of liability for injury could be made out by showing some designated agent or employee of the respondent sent prisoners out on the highway in a truck known to be in such condition as to endanger their lives or safety.   The act of placing prisoners in a place of known danger where injury would probably result would be a negligent act under the cases cited.   The evidence disclosed the truck involved in the accident had been inspected and put in storage to be taken out as a spare.   When the regular vehicle broke down, the truck was inspected and placed in service and used for transporting prisoners from the camp to the project, operated as a dump truck during the working hours, and then used to return the prisoners to camp at the end of the day.   For these operations the truck beds were changed.   The vehicle had operated normally for one week during which it was in daily use.

The truck driver, Garden, a witness for the claimants, testified: "I was coming down through there (the mountain), driving 15 to 20 miles per hour.   So, I heard something pop and I slammed on the brakes . . . So, I told him (Meadows, the foreman riding in the cab), I didn't have no brakes . . . He reached down to get the emergency brake . . ." The emergency brake did not stop the truck. Meadows jumped out. "All there was for me to do was ride it on and turn up the mountain . . . I

. . . made the sharp curve (about one-half mile from the point where the brake gave way) and the wheel jumped off and it turned over . . . It had an emergency brake on it. It would hold it sitting still, but I did not try to stop with it. . . . I had been driving it about a week. . . . It had good brakes on it till then."

The mechanic for the respondent testified: "Prior to June 2, 1955, we worked on the truck involved in the accident. We did get the truck ready for the job. . . . checked the brakes . . . it was capable of going out on the job and hauling the men. We checked the brakes, the brakes were all right when the truck went out . . . At the time it was one of as good trucks as any we had."

The claimants offered a witness who qualified as an expert mechanic familiar with trucks of the type involved in the accident. In answer to a hypothetical question, he testified: "Could be several reasons that would cause that outer wheel bearing to burst or disintegrate . . . It could be lack of grease, bad adjustment, defective bearing; could be a defective hub, inside where the bearing fits could be defective. . . . The most common causes . . . would be lack of grease. . . . I am of the opinion if that hand brake . . . was in good condition . . . you could stop the truck with it."

The Commission found as a fact there was no evidence when the wheel assembly on the truck was packed with grease or as to what caused the failure of the emergency brake, or that the inspection or repair of the truck were improperly done. "That Garden and Meadows, when confronted with the sudden emergency, took all measures reasonably available . . . to avoid the wreck, and neither . . . was guilty of any negligent act in connection with the wreck."

Upon the facts found, the commission concluded as a matter of law, "The plaintiffs in the subject cases have failed to establish a negligent act on the part of any of the named State employees."

The Commission's findings of fact are supported by competent evidence and they are conclusive on appeal, even though there is evidence to support a finding to the contrary. *Blalock v. Durham,* 244 N. C. 208, 92 S. E. 2d 758, and the many cases there cited.

The judgment of the Superior Court of Madison County is
Affirmed.