109 S.E.2d 376 (1959)
250 N.C. 645
Mrs. Edna GORDON, Administratrix of the Estate of Crawford Gordon, Deceased, George Washington Elmore, Administrator of the Estate of John Elmore, Deceased, Ada Allen, Administratrix of the Estate of Lasco Wiley, Deceased, Frank Gilliam, Ben Mixon, and McKinley Junior Tucker,
v.
NORTH CAROLINA STATE HIGHWAY AND PUBLIC WORKS COMMISSION.
No. 311.
Supreme Court of North Carolina.
July 2, 1959.
*377 Malcolm B. Seawell, Atty. Gen., Kenneth Wooten, Jr., Asst. Atty. Gen., Parks H. Icenhour, Trial Atty., Raleigh, for the State.
Meekins, Packer & Roberts, Asheville, for plaintiffs, appellants.
HIGGINS, Justice.
All claims filed with the North Carolina Industrial Commission alleged the same negligent acts. All the evidence shows the truck involved in the accident was being operated at a speed of 15-20 miles per hour prior to the brake failure, and that the increased speed thereafter was because of that failure. There was no evidence of speed or of the negligent, unlawful, or careless operation of the truck on the part of the driver Garden until the brake failure caused loss of control. Claimants' alleged negligent acts one and three are not supported by evidence.
Claimants rely, in the main, on their claim that the truck was unlawfully maintained and "was operated in a dilapidated, defective and dangerous condition, and without proper brakes, all of which was known to" the respondent. The evidence fails to disclose negligent failure to inspect the truck by any named agent or employee of the State Highway & Public Works Commission charged with that duty. Lawson v. Highway Commission, 248 N.C. 276, 103 S.E.2d 366; Tucker v. Highway Commission, 247 N.C. 171, 100 S.E.2d 514; Flynn v. North Carolina State Highway Commission, 244 N.C. 617, 94 S.E.2d 571.
A case of liability for injury could be made out by showing some designated agent or employee of the respondent sent prisoners out on the highway in a truck known *378 to be in such condition as to endanger their lives or safety. The act of placing prisoners in a place of known danger where injury would probably result would be a negligent act under the cases cited. The evidence disclosed the truck involved in the accident had been inspected and put in storage to be taken out as a spare. When the regular vehicle broke down, the truck was inspected and placed in service and used for transporting prisoners from the camp to the project, operated as a dump truck during the working hours, and then used to return the prisoners to camp at the end of the day. For these operations the truck beds were changed. The vehicle had operated normally for one week during which it was in daily use.
The truck driver, Garden, a witness for the claimants, testified: "I was coming down through there (the mountain), driving 15 to 20 miles per hour. So, I heard something pop and I slammed on the brakes * * * So, I told him (Meadows, the foreman riding in the cab), I didn't have no brakes * * * He reached down to get the emergency brake * * *" The emergency brake did not stop the truck. Meadows jumped out. "All there was for me to do was ride it on and turn up the mountain * * * I * * * made the sharp curve (about one-half mile from the point where the brake gave way) and the wheel jumped off and it turned over * * * It had an emergency brake on it. It would hold it sitting still, but I did not try to stop with it. * * * I had been driving it about a week. * * * It had good brakes on it till then."
The mechanic for the respondent testified: "Prior to June 2, 1955, we worked on the truck involved in the accident. We did get the truck ready for the job. * * * checked the brakes * * * it was capable of going out on the job and hauling the men. We checked the brakes, the brakes were all right when the truck went out * * At the time it was one of as good trucks as any we had."
The claimants offered a witness who qualified as an expert mechanic familiar with trucks of the type involved in the accident. In answer to a hypothetical question, he testified: "Could be several reasons that would cause that outer wheel bearing to burst or disintegrate * * * It could be lack of grease, bad adjustment, defective bearing; could be a defective hub, inside where the bearing fits could be defective. * * * The most common causes * * * would be lack of grease. * * * I am of the opinion if that hand brake * * * was in good condition * * * you could stop the truck with it."
The Commission found as a fact there was no evidence when the wheel assembly on the truck was packed with grease or as to what caused the failure of the emergency brake, or that the inspection or repair of the truck were improperly done. "That Garden and Meadows, when confronted with the sudden emergency, took all meassures reasonably available * * * to avoid the wreck, and neither * * * was guilty of any negligent act in connection with the wreck."
Upon the facts found, the Commission concluded as a matter of law, "The plaintiffs in the subject cases have failed to establish a negligent act on the part of any of the named State employees." The Commission's findings of fact are supported by competent evidence and they are conclusive on appeal, even though there is evidence to support a finding to the contrary. Blalock v. Durham, 244 N.C. 208, 92 S.E.2d 758, and the many cases there cited.
The judgment of the Superior Court of Madison County is
Affirmed.