MRS. DOVA MACKEY v. NORTH CAROLINA STATE HIGHWAY COMMISSION

No. 6930IC29

(Filed 28 May 1969)

1. **Master and Servant § 96— Industrial Commission — findings of fact**
   The findings of fact by the Industrial Commission are conclusive if there is any competent evidence to support them. G.S. 143-293.

2. **State § 8; Highways § 9— tort claims action — highway employee — negligent act v. omission**
   Where State Highway employee removed large posts from the shoulder of a highway and left unfilled the holes created by the removal, recovery may be had under the Tort Claims Act for injuries resulting to a plain-

tiff who stepped in one of the holes, since the creation of the hole is a negligent act and not a negligent omission.

**3. State § 8—  Tort Claims Act — recovery for negligent act**

Under the State Tort Claims Act recovery is permitted for injuries resulting from a negligent act, but not those resulting from a negligent omission on the part of State employees. G.S. 143-291.

**4. Negligence § 1—  negligent act defined**

One who undertakes to do something and does it negligently commits a negligent act, not a negligent omission.

APPEAL by defendant Highway Commission from an opinion and award of the North Carolina Industrial Commission filed 11 September 1968.

This is a proceeding under the State Tort Claims Act first heard by Commissioner William F. Marshall, Jr. An order denying plaintiff's claim was entered on 18 April 1968. Plaintiff appealed to the Full Commission, which reversed the order of Commissioner Marshall and made an award to the plaintiff.

Plaintiff Dova Mackey filed an affidavit in which she alleged that her claim was against the North Carolina State Highway Commission for personal injuries resulting from the negligence of Elmer Head. She further alleged that her injury was caused solely and proximately by the negligent conduct of the named employee in removing large posts which had been placed along the shoulder of the State highway, leaving unfilled holes, one of which she stepped into and was injured.

Defendant answered, denying the plaintiff's material allegations, and, for a further answer and defense to the cause of action, alleged that plaintiff was contributorily negligent in failing to exercise due care for her own safety as she walked along the highway "in that she failed and neglected to observe and heed the conditions then and there existing as it was her duty to do so."

The Full Commission, among other things, made findings of fact that:

"1. Sometime in 1961 or prior thereto Elmer Head, who was employed as a foreman by defendant caused and supervised the removal of some posts from the south side of the 'Old Clyde Highway' between Canton and Clyde. The removal of the posts created holes on the shoulder of the road. Such holes were approximately 10 inches in diameter and over two feet in depth. Some of the holes were filled with dirt under the supervision of

Mr. Head. However, at least 18 holes were left open, thus creating a dangerous condition on the shoulder of the road. Weeds and grass grew around and across the holes, thus creating hidden pitfalls for anyone who should step onto the shoulder of the road at the exact place where one of the holes had been left open.

"2.   On 16 September 1963 at approximately 2:30 P.M. the plaintiff walked along the south side of the 'Old Clyde Highway' as she had done on many previous occasions. She walked upon the paved portion of the highway facing oncoming traffic and would step upon the south shoulder of the highway in order to avoid vehicles on the highway. While so walking upon the paved portion of the highway plaintiff stepped onto and walked upon the south shoulder of the highway upon the approach of several vehicles. Plaintiff stepped to a place approximately 44 inches from the paved surface. Despite the fact that plaintiff was looking where she was stepping, her left foot went into one of the holes which had been created by the actions of Mr. Head as described in Finding of Fact No. 1. Such hole was 44 inches off the paved surface of the highway and was eight to 10 inches in diameter and approximately two feet in depth.

"A search by the son of plaintiff thereafter revealed 18 similar type holes on the shoulder of the highway at the same place that Mr. Head had supervised the removal of posts.

"3.   Mr. Head, the employee of defendant, by causing holes to be created on the shoulder of the highway at a place where a pedestrian had a right to be did other than a reasonably prudent person would have done under the same or similar circumstances. This constituted a negligent act upon his part while acting within the scope and course of his employment as a foreman for defendant and such negligence was the proximate cause of the accident giving rise hereto and the damages sustained by plaintiff.

"4.   The plaintiff acted the same as a reasonably prudent person would have done under the same or similar circumstances and there was no contributory negligence upon her part."

From these facts the Full Commission concluded that there was a *negligent act* on the part of the named employee of defendant within the scope and course of his employment and such negligence was the proximate cause of the damages sustained by plaintiff; that there was no contributory negligence upon the part of plaintiff; and that plaintiff was entitled to an award of $3,500.00.

The defendant Highway Commission duly excepted to these findings and conclusions and appealed to this Court.

*Robert Morgan, Attorney General, by Harrison Lewis, Deputy Attorney General, for Highway Commission, defendant appellant.*

*Bennett, Kelly & Long, by E. Glenn Kelly, for plaintiff appellee.*

BROCK, J.

Defendant assigns as error, and in its brief strenuously argues, that there was no evidence of record to support the determination of the Full Commission that the named employee of the defendant committed a *negligent act* so as to allow plaintiff to recover under the State Tort Claims Act.

**[1]** "The findings of fact by the Industrial Commission are conclusive if there is any competent evidence to support them. G.S. 143-293." *Mitchell v. Board of Education,* 1 N.C. App. 373, 161 S.E. 2d 645.

**[2]** We hold that the facts found by the Full Commission are supported by competent evidence and that they are sufficient to support the action of the Full Commission in concluding that there was a *negligent act* on the part of defendant's employee Elmer Head and that such *negligent act* was the proximate cause of the injury and damages sustained by plaintiff.

**[3]** Under the State Tort Claims Act recovery is permitted for injuries resulting from a *negligent act,* but not those resulting from a *negligent omission* on the part of State employees. G.S. 143-291; *Flynn v. Highway Commission,* 244 N.C. 617, 94 S.E. 2d 571. In *Flynn* the claim denied was based upon the alleged negligent failure of named employees of the State to repair a hole or break in the surface of a State road *caused by public travel over it.* "In order to authorize the payment of compensation, the Industrial Commission's findings must include (1) a negligent act, (2) on the part of a State employee, (3) while acting in the scope of his employment, etc. The first requirement is that the claimant show a *negligent act.* Is a failure to repair a hole in the highway caused by ordinary public travel a negligent act? The requirement of the statute is not met by showing negligence, for negligence may consist of an act or an omission. Failure to act is not an act." *Flynn v. Highway Commission, supra.*

**[2, 4]** We think the case at bar is clearly distinguishable on its facts from *Flynn.* The Full Commission found upon competent evi-

dence that Elmer Head left at least eighteen holes open when he removed the posts therefrom and that such *negligent act* proximately caused plaintiff's injury and resulting damages. The removal of the posts created holes on the shoulder of the road. There was no *negligent omission* involved as the creation of a hole is an *act,* not an *omission.* One who undertakes to do something and does it negligently commits a *negligent act,* not a *negligent omission.*

In this case we are not concerned with a failure by defendant to maintain the shoulders of the highway in a safe condition for pedestrian travel; we are concerned here with the act of an agent of the Commission in negligently creating a trap, or pitfall, upon a shoulder of the highway which is apparently safe for pedestrian travel.

The opinion and award of the Full Commission is
Affirmed.

CAMPBELL and MORRIS, JJ., concur.