JAMES E. PRICE, SR., PLAINTIFF v. NORTH CAROLINA DEPARTMENT OF CORRECTION, DEFENDANT

No. 9010IC986

(Filed 6 August 1991)

1. **State § 8.3 (NCI3d) — Tort Claims Act — loss of prisoner's partial plate — negligent failure to replace**

In a prisoner's tort claim action to recover for a metal partial plate lost by the Department of Correction when plaintiff was transferred from one prison unit to another, the Industrial Commission's conclusion that a named employee of the Department of Correction breached her duty to plaintiff by failing to provide an adequate partial plate replacement was supported by evidence and findings that the employee entered into a binding agreement with plaintiff that the Department of Correction would replace the plate with one of comparable quality, but the plate furnished to plaintiff was plastic rather than metal, did not fit, and impeded plaintiff's speech and ability to chew. The Commission's failure to make findings that the employee's breach was the proximate cause of plain-

tiff's injury and that plaintiff was not contributorily negligent was harmless error where the Department of Correction has never contested the issue of negligence.

**Am Jur 2d, Penal and Correctional Institutions §§ 173, 181.**

2. **State § 9 (NCI3d) — Tort Claims Act — remedies — monetary damages — specific performance inappropriate**
   The Industrial Commission has no authority under the Tort Claims Act, N.C.G.S. § 143-291, to order specific performance rather than award monetary damages. Therefore, the Commission erred in failing to award plaintiff prisoner monetary damages for a metal partial plate lost by the Department of Correction rather than ordering the Department of Correction to furnish a comparable partial plate to plaintiff as it had agreed to do.

**Am Jur 2d, Municipal, County, School, and State Tort Liability § 661.**

Judge WYNN concurs in the result only.

APPEAL by plaintiff and defendant from the decision and order filed 19 April 1990 by the Industrial Commission. Heard in the Court of Appeals 7 May 1991.

*James E. Price, Sr. pro se plaintiff-appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Kim L. Cramer, for defendant-appellant.*

ORR, Judge.

The dispositive issue on appeal is whether the Industrial Commission erred in awarding plaintiff specific performance for defendant's negligence pursuant to N.C. Gen. Stat. § 143-291. For the following reasons, we hold that the Commission erred and affirm in part, reverse in part and remand for entry of damages not inconsistent with this opinion.

The following facts are pertinent to this case on appeal. On 30 September 1988, plaintiff, an inmate at Odom Prison, filed an affidavit and claim for damages under the Tort Claims Act (N.C. Gen. Stat. § 143-291). The claim alleged that on 28 March 1986, Correctional Officer Madison, in preparing plaintiff for a transfer

**PRICE v. N.C. DEPT. OF CORRECTION**

[103 N.C. App. 609 (1991)]

to another prison unit, failed to record all of plaintiff's property on the appropriate form. During the transfer, plaintiff's property was lost. The property included a metal upper partial plate, cigars, a pipe and ballpoint pens, the total value of which was $631.80. Plaintiff was not contributorially negligent.

Defendant agreed by letter of 13 May 1987 from Agency Legal Specialist II Patsy Smith Morgan (hereinafter Morgan) to replace the partial plate, but would not allow the work to be done by an outside dental specialist. Morgan maintained that the dental services within the Department of Correction (hereinafter DOC) could "provide a partial dental plate consistent with the one [plaintiff lost] for substantially less cost . . . ."

Plaintiff agreed to this if he received the same kind of plate and of the same quality as before. Instead, he received a plastic partial plate which did not fit and impeded plaintiff's speech and ability to chew. Shortly after receiving the plate, plaintiff broke a front tooth attempting to eat something with the plate in place. Plaintiff contacted his former dentist and mailed the plastic plate to him for his assessment. The dentist confirmed that it was of poor quality and did not fit plaintiff so that it would interfere with speech and mastication.

After several contacts between Ms. Morgan and Richard Giroux, Prisoner Legal Services (who was representing plaintiff in his arbitration efforts with Ms. Morgan), Ms. Morgan offered to have a metal partial plate made for plaintiff with the work to be done this time by a private dentist. Ms. Morgan made this offer contingent upon plaintiff agreeing in writing that "this would be the end of it." Plaintiff refused this offer and filed a claim for monetary compensation under the Tort Claims Act.

Deputy Commissioner Tamara Nance denied plaintiff's claim in an order and opinion filed 28 August 1989. Plaintiff appealed to the Full Commission. In its order filed 19 April 1990, the Full Commission reversed the Deputy Commissioner's decision and made the following findings and conclusions:

1. This dispute concerns plaintiff's metal partial plate, which was allegedly lost when plaintiff was being transferred from Central Prison to Caledonia Farm. Defendant Department of Correction (DOC) agreed to replace the plate.

2. Patsy Morgan, defendant's "Agency Legal Specialist II" did not lose the plate, but did enter into a binding agreement to replace the plate with one of comparable quality. When plaintiff received his plate, it was a plastic partial plate rather than the agreed upon metal plate.

3. Because Patsy Morgan and the Department of Correction reneged on the agreement, defendant Department of Correction does have a duty to supply plaintiff with a metal partial plate.

. . . .

### CONCLUSION OF LAW

To prevail under the Tort Claims Act, the plaintiff must prove that a named State employee was negligent in the course of and arising out of her employment. *Ayscue v. North Carolina State Highway Commission*, 270 N.C. 100 (1967). Because Patsy Morgan broke the agreement, she had with plaintiff on behalf of the Department of Correction, she breached her duty to him. G.S. 143-291.

The Full Commission then ordered DOC to "make plaintiff a metal partial plate comparable to the one which was made for him in 1978" and pay costs. Defendant filed a motion for reconsideration on 24 May 1990 on the grounds that the order was "contrary to the law and authority of the Industrial Commission."

The Commission denied the motion on 5 July 1990 and stated, "[t]he Commission found that the named employee bore some responsibility for the injurious breach of duty, and that her omission was negligent rather than willful, intentional or fraudulent."

Plaintiff made numerous assignments of error, all of which can be summarized in a single issue of whether the Commission erred in not awarding plaintiff monetary damages instead of specific performance. Defendant contends that the Commission did not have the authority to award specific performance or even to hear the action, which defendant categorizes as a "breach of contract."

Under N.C. Gen. Stat. § 143-291(a) (1990):

. . . The Industrial Commission shall determine whether or not each individual claim arose as a result of the negligence of any officer, employee, . . . while acting within the scope

of his office, employment, . . . under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina. If the Commission finds that there was such negligence . . ., which was the proximate cause of the injury and that there was no contributory negligence on the part of the claimant . . ., the Commission shall determine the amount of damages which the claimant is entitled to be paid, including medical and other expenses, and by appropriate order direct the payment of such damages . . . .

[1] The scope of review on appeal to this Court under the Tort Claims Act is limited to whether there was any competent evidence before the Commission to support the findings of fact and whether the findings support the legal conclusions and decision. N.C. Gen. Stat. § 143-293 (1990); *Bailey v. Dept. of Mental Health*, 272 N.C. 680, 159 S.E.2d 28 (1968). The Commission's findings of fact are conclusive on appeal if supported by any competent evidence, whether or not the evidence would support contrary findings. *Id.* We have reviewed the evidence in the present case and find that it supports the above findings of fact, and that those findings support the conclusion that Patsy Morgan breached her duty to plaintiff by failing to provide an adequate replacement.

Although the Commission made no findings of fact or conclusions, as required by § 143-291 that Morgan's breach was the proximate cause of plaintiff's injury and that plaintiff was not contributorially negligent, the issue of the DOC's negligence has never been in dispute. Patsy Morgan acknowledged in her letter of 13 May 1987 that the "appropriate inventory forms were not completed in connection with this transfer" and plaintiff's property was lost. This letter effectively acknowledges that the DOC was negligent in losing plaintiff's property. The DOC has never contested the issue of negligence or the value of plaintiff's property. Therefore, we find that it was harmless error by the Commission in failing to make additional findings of fact on these issues of negligence.

[2] The remaining issue is whether § 143-291 prohibits the Commission from awarding specific performance and not monetary damages. We hold that it does. The statute specifically authorizes the Commission to determine the amount of damages and direct payment of such. The damages may include medical and other

PRICE v. N.C. DEPT. OF CORRECTION

[103 N.C. App. 609 (1991)]

expenses. There is nothing in the statute which allows the Commission to order specific performance, and we find nothing in our research which allows such, regardless of whether the plaintiff is confined to the State Department of Correction. Therefore, we reverse this portion of the Commission's decision and order and remand it to the Commission for entry of damages.

On remand for damages, we order that the Commission award such for *all* of the property defendant lost. The record on appeal reveals that defendant never contested the issue of its negligence in losing plaintiff's cigars, pipe and ballpoint pens, as well as his dentures, nor has defendant contested the total value of the property. Plaintiff renewed his claim for damages for the loss of all the items in his brief before this Court, and defendant failed to respond to such. Therefore, there is no dispute as to the value of such property or defendant's negligence. Plaintiff presented evidence that the uncontested amount of damages in 1988 was $631.80; therefore, on remand, the Commission should order defendant to pay plaintiff at least that amount.

We note in closing that this is a case which, in the interest of judicial economy and in view of this State's fiscal condition, should have been settled long before it reached this Court. The time and expense of litigating this case through the Industrial Commission to this Court and now back could have been better utilized in other areas. This Court cannot condone the expenditure of thousands of tax dollars to avoid paying a few hundred dollars to an individual incarcerated by the State, especially when the Department of Correction assumed responsibility from the beginning for the loss of plaintiff's dentures.

For the above reasons, we affirm in part, reverse in part, and remand to the Commission for entry of damages not inconsistent with this opinion.

The cost of this appeal shall be borne by the defendant.

Judge COZORT concurs.

Judge WYNN concurs in the result only.