Under the Tort Claims Acts, negligence is determined by the same rules applicable to private parties. Bolkir v. N.C. State Univ., 321 N.C. 706,709 (1998). Plaintiff has shown that the injuries and damages she sustained were the proximate result of a negligent act of Alton Parrish, a state employee acting in the course and scope of his employment as a road repair crew leader for defendant. N.C. Gen. Stat. § 143-291. Plaintiff sustained injuries and damages related to a serious motor vehicle accident caused by loose and excessive gravel present on a road repaired by defendant. Parrish, the crew leader on the subject road repair, failed to use due diligence and care to ensure that the warning signs that he placed at the site of the road repair remained in place until the dangerous driving conditions related to the presence of gravel on the road had diminished and the road was safe for normal vehicle travel. At an unknown point in time, such warning signs were removed from the road repair site, leaving motorists with no warning of dangerous road conditions and ultimately causing injury to plaintiff. The majority's opinion in this case has erred in finding that the motor vehicle accident in which plaintiff was injured was not proximately caused by the negligence of defendant or its employees or agents.
Contrary to the majority's conclusion of law, plaintiff has indeed established actionable negligence by showing that Parrish failed to exercise due care in the performance of a legal duty owed to plaintiff under the circumstances. Bolkir at 900. Due diligence requires a crew leader supervising a road repair project to see to it that warning signs put in place to warn drivers of dangerous driving conditions resulting from a road repair remain in place until such danger has diminished, so as to ensure the safety of the driving public. At the hearing before the deputy commissioner, Parrish testified that although he placed yellow, triangular signs warning of loose gravel at the site of the road repair so they would be seen by motorists, he had no idea how long those warning signs remained in place and assumed they would be removed by someone within a few days. (Trans. pp. 65 69-70). Parrish had a legal duty owed to plaintiff to exercise due care in ensuring plaintiff's safety by simply supervising or directing the length of time that the warning signs were to have stayed in place. Parrish obviously recognized his duty to warn motorists of dangerous driving conditions, but was negligent in failing to ensure that such warning was properly executed to effectively warn motorists of danger for the appropriate length of time. Thus, Parrish breached his duty of care owed to plaintiff.
The majority found that Parrish was not negligent because defendant's regulations did not require Parrish to use signs warning of loose gravel. However, even if Parrish was not required by defendant to place warning signs, once he undertook to do so, he became liable for doing such in a negligent manner. The Court of Appeals has held that one who undertakes to do something, and does it negligently, commits a negligent act. Mackey v. North Carolina State Highway Comm'n, 4 N.C. App. 630,167 S.E.2d 524 (1969).
Additionally, the majority found that plaintiff's motor vehicle accident, and resulting injuries were more likely the cause of her own negligence or error. The majority apparently based this finding on the testimony of State Trooper Clifford Adams, the officer who investigated plaintiff's accident. Based on the measurement of tire track marks at the scene of the accident, Adams concluded that plaintiff has been traveling at 55 miles per hour — the posted legal speed limit — at the time of the accident. (Trans. pp. 28 102). Yet, because an accident had obviously occurred, Adams testified that a contributing factor to the accident was that plaintiff was "exceeding a safe speed," despite traveling at the legal speed limit. (Trans. p. 104). However, this does not lead to a conclusion that plaintiff was negligent for traveling at an unsafe speed; rather, it supports plaintiff's position that she had no warning of the gravel present on the road in which to make a decision to reduce her speed for safe travel through the repair zone. But for the removal of the signs placed by Parrish, plaintiff would have had proper warning to reduce her speed and would not have lost control of her vehicle. Moreover, even if plaintiff's actions could be deemed as contributory negligence, it was not the intent of the Legislature to limit liability under the Tort Claims Act to situations where the negligence of a state employee was the sole proximate cause of the injury or damages inflicted. Branch Banking Trust Co. v.Wilson C'nty Bd. Of Educ., 251 N.C. 603, 111 S.E.2d 844 (1960) (emphasis added).
As a result of Parrish's negligence and breach of his legal duty owed to plaintiff to exercise due care in ensuring her safety and the safety of all motorists by simply supervising or directing the length of time that the warning signs were to have stayed in place, defendants are liable to plaintiff for injuries and damages sustained as a consequence of such breach. N.C. Gen. Stat. § 143-291. For these reasons, I must respectfully dissent from the majority's Opinion and Award.
 S/_____________ THOMAS J. BOLCH COMMISSIONER