**BRYSON v. N.C. DEP'T OF CORR.**

[169 N.C. App. 252 (2005)]

ROBERT BRYSON, Plaintiff v. NORTH CAROLINA DEPARTMENT
OF CORRECTIONS, Defendant

No. COA04-199

(Filed 15 March 2005)

**1. Tort Claims Act— miscalculation of inmate's release date—
no damages**

An inmate who alleged that the Department of Correction
negligently miscalculated his release date did not prove a claim
under the Tort Claims Act, and his claim should have been dis-
missed, where the Industrial Commission concluded that plaintiff
had suffered no damages, an essential element of a claim under
the Tort Claims Act.

**2. Tort Claims Act— specific performance—not authorized**

The Industrial Commission has only the authority to award
money damages under the Tort Claims Act, and lacked jurisdic-
tion to order the Department of Correction to recalculate plain-
tiff's release date.

Appeal by defendant from judgment entered 14 November 2003
by the North Carolina Industrial Commission. Heard in the Court of
Appeals 6 December 2004.

*No brief for pro se plaintiff-appellee.*

*Attorney General Roy Cooper, by Associate Attorney General
Iain M. Stauffer, for the State.*

MARTIN, Chief Judge.

Defendant, the North Carolina Department of Corrections,
(NCDOC), appeals from a decision and order of the North Carolina
Industrial Commission. Plaintiff appeared *pro se* before the Deputy
Commissioner and the Full Commission, and did not file a brief in
this Court.

The evidence before the Commission tended to show that
plaintiff was sentenced on criminal charges to two consecutive
twenty-five to thirty month sentences. He was incarcerated at
Mountain View Correctional Institution on 8 October 1999, with a pro-
jected release date of 18 February 2003. Defendant served 386 days of
pre-sentence confinement.

On 21 September 2001, plaintiff filed a claim for damages under the Tort Claims Act, N.C. Gen. Stat. § 143-291 *et. seq.*, alleging negligence on the part of prison officials in calculating his release date. The case was heard on 28 October 2002 before a deputy commissioner, who issued an order requiring defendant to calculate plaintiff's correct release date. Upon appeal by NCDOC, the Full Commission issued a Decision and Order which ordered NCDOC to calculate plaintiff's correct release date and taxed the costs to NCDOC. NCDOC appeals.

---

[1] Defendant first argues the Full Commission erred in not dismissing the claim because plaintiff did not carry his burden of proving the elements necessary to recover on a claim for negligence. We agree.

To recover upon a claim for negligence under the Tort Claims Act, a plaintiff must prove that (1) defendant owed plaintiff a duty of care; (2) the actions or failure to act by the named NCDOC employee breached that duty; (3) the breach was the actual and proximate cause of the injury and (4) plaintiff suffered damages as a result. *Simmons v. N.C. Dept. of Transportation*, 128 N.C. App. 402, 406, 496 S.E.2d 790, 793 (1998). The Commission concluded that plaintiff had suffered no damages. Therefore, plaintiff failed to prove a claim for negligence under the Tort Claims Act and his claim should have been dismissed.

[2] Defendant also asserts that the Commission erred by ordering NCDOC to calculate plaintiff's correct release date and to notify plaintiff and the Commission. Again, we agree.

The North Carolina Industrial Commission is vested with jurisdiction of tort claims "against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State." N.C. Gen. Stat. § 143-291(a). The statute further provides:

> The Industrial Commission shall determine whether or not each individual claim arose as a result of the negligence of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority, under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina. If the Commission finds that there was negligence on the part of an officer,

employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority that was the proximate cause of the injury and that there was no contributory negligence on the part of the claimant or the person in whose behalf the claim is asserted, the Commission shall determine the amount of damages that the claimant is entitled to be paid . . . and by appropriate order direct the payment of damages . . . .

N.C. Gen. Stat. § 143-291(a). The statute confers authority upon the Commission only to award monetary damages; "[t]here is nothing in the statute which allows the Commission to order specific performance." *Price v. N.C. Dept. of Correction,* 103 N.C. App. 609, 613-14, 406 S.E.2d 906, 909 (1991). Because the Commission lacked jurisdiction to order defendant to recalculate plaintiff's release date, we must vacate the decision and order of the Commission.

Defendant's remaining assignments of error were not brought forward in its brief and are therefore deemed abandoned. N.C. R. App. P. 28(a).

Vacated.

Judges CALABRIA and GEER concur.