* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Special Deputy Commissioner Hammond and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Order. Accordingly, the Full Commission affirms the Decision and Order of Special Deputy Commissioner Hammond.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On July 21, 2010, Plaintiff initiated this civil action by filing his Tort Claims Act Affidavit with the North Carolina Industrial Commission. *Page 2 
2. Plaintiff's Affidavit alleges that on or about April 24, 2009, employees or agents of the North Carolina Department of Corrections (hereinafter "NCDOC") committed acts of negligence, specifically alleging that named NCDOC employees refuse to abide by a court order to change Plaintiff's name.
3. On August 18, 2010, Defendant filed a Motion to Dismiss and Motion for Stay of Discovery.
4. Defendant moved to dismiss the action on the grounds that Plaintiff failed to assert a negligence claim against any State agency or department.
5. Pursuant to Defendant's Motion to Dismiss, the above captioned tort claim was set for a pretrial videoconference hearing on Wednesday, October 6, 2010, before Special Deputy Commissioner Hammond.
6. Defendant made an oral amendment to the Motion to Dismiss at the pretrial videoconference hearing. Defendant moved to dismiss the action on the grounds that Plaintiff failed to state a claim upon which relief may be granted in that the allegations, even if taken as true, are not sufficient to establish negligence on the part of the NCDOC, as Plaintiff has set forth only an omission for failure to act and is seeking the relief of specific performance
7. Plaintiff appeared at the facility and spoke with Special Deputy Commissioner Hammond on the record. Plaintiff indicated that NCDOC employees intentionally will not fix the negligently changed name. Plaintiff further stated that he does not believe the request for his name to be changed constitutes specific performance.
8. Defendant made an additional oral amendment to the Motion to Dismiss at the pretrial videoconference hearing. Defendant moved that Plaintiff's claim should be barred by the statute of limitations, as Plaintiff appears to be asserting allegations for actions that occurred *Page 3 
approximately ten (10) years ago and Plaintiff filed the above captioned tort claim on July 21, 2010. Defendant's position is that since the claim was filed on July 21, 2010, the statute of limitations would bar any allegations prior to July 21, 2007.
9. Plaintiff responded that NCDOC had an opportunity to correct his name upon re-incarceration in April of 2009 and that NCDOC committed a second act of failing to change his name.
10. The Full Commission finds, taking all alleged facts in the light most favorable to Plaintiff, that a portion of Plaintiff's allegations are seeking specific performance.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers upon the North Carolina Industrial Commission jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the Tort Claims Act, "negligence is determined by the same rules as those applicable to private parties."Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. In order to prevail in a claim filed pursuant to this Act, Plaintiff must allege and prove "that there was negligence on the part of an officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority that was the proximate cause of the injury and that there was no contributory negligence" on the part of the Plaintiff. N.C. Gen. Stat. § 143-291(a). *Page 4 
4. A Defendant's motion to dismiss tests the legal sufficiency of a Plaintiff's complaint by presenting the question whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief can be granted under the Tort Claims Act. See Isenhour v. Hutto,350 N.C. 601, 604, 517 S.E.2d 121, 124 (1999).
5. "A complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which would be proved in support of the claim." Newton v. Standard Fire Ins. Co.,291 N.C. 105, 111, 229 S.E.2d 297, 300 (1976) (citations and internal quotation marks omitted).
6. N.C. Gen. Stat. § 143-291 et seq. confers authority upon the North Carolina Industrial Commission only to award monetary damages; "[t]here is nothing in the statute which allows the Commission to order specific performance."Price v. N.C. Dept. of Correction,103 N.C. App. 609, 613-614, 406 S.E.2d 906, 909 (1991).
7. Taking all alleged facts in the light most favorable to Plaintiff, as the non-moving party, the Full Commission concludes Plaintiff's cause of action has set forth no known injury or damages, and that Plaintiff appears to be seeking actions properly classified as specific performance. As such, Plaintiff is not entitled to recover under the Tort Claims Act, and the above captioned tort claim is subject to dismissal with prejudice.
8. Case law has interpreted the legislative intent of the Tort Claims Act to be limited to negligent acts, not omissions, as illustrated below:
 We think it was the intent of the Legislature to permit recovery only for the negligent acts of its employees, for the things done by them, not for the things left undone. If the intent had been otherwise, it would have been easy to permit recovery for the negligent acts and omissions of State employees. *Page 5 
Flynn v. North Carolina State Highway and Public WorksCommission, 244 N.C. 617, 620, 94 S.E.2d 571, 573 (1956).
9. Taking all alleged facts in the light most favorable to Plaintiff, as the non-moving party, the Full Commission concludes Plaintiff has failed to sufficiently stated a claim for negligence upon which relief may be granted. As such, Plaintiff is not entitled to recover under the Tort Claims Act, and the above captioned tort claim is subject to dismissal with prejudice.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. Defendant's Motion to Dismiss is GRANTED and Plaintiff's above captioned tort claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as Plaintiff was permitted to file this civil action in forma pauperis.
This the 8th day of June, 2011.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER *Page 6 
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1