***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Donovan and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Order. Accordingly, the Full Commission affirms the Decision and Order of Deputy Commissioner Donovan.
 ***********
The following documents were received into evidence before the Deputy Commissioner as:
 EXHIBITS
1. Plaintiff's Exhibit #1: Grievance, dated 12/10/08
2. Plaintiff's Exhibit #2: Doctor's Instructions from 12/07-12/09
3. Plaintiff's Exhibit #3: Sick Call File dated 1/12/09 *Page 2 
4. Plaintiff's Exhibit #4: Sick Call File dated 1/20/09
5. Plaintiff's Exhibit #5: Medication information from pharmacy
6. Plaintiff's Exhibit #6: Sick Call Request 3/31/10
7. Plaintiff's Exhibit #7: Response to Ex. 6 by Nurse McFeaters
8. Plaintiff's Exhibit #8: Sick Call Request 4/12/10
9. Plaintiff's Exhibit #9: Response to Ex. 8 by Nurse McFeaters
10. Plaintiff's Exhibit #10: Sick Call Request 4/14/10
11. Plaintiff's Exhibit #11: Response to Ex. 10 by Nurse McFeaters
12. Plaintiff's Exhibit #12: Trust Fund Account Statement
13. Plaintiff's Exhibit #13: Request by Plaintiff of med emergency 1/21/09
14. Plaintiff's Exhibit #14: Sick Call Request 4/20/10
15. Plaintiff's Exhibit #15: Response to Ex. 14 by Nurse McFeaters
16. Plaintiff's Exhibit #16: Disciplinary Report 1/8/09
17. Plaintiff's Exhibit #17: Disciplinary Report 1/13/09
18. Plaintiff's Exhibit #18: Grievance dated 10/1/09
19. Plaintiff's Exhibit #19: Correspondence/Grievance 1/21/09
20. Plaintiff's Exhibit #20: Correspondence 1/21/09
21. Plaintiff's Exhibit #21: Appeal response 1/16/09
22. Defendant's Exhibit #1: Incident Report
23. Defendant's Exhibit #2: Administrative Remedy Procedure
24. Defendant's Exhibit #3: Medical Records
 *********** *Page 3 
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On December 10, 2008, Plaintiff was housed at Central Prison in Raleigh, North Carolina. Plaintiff was suffering from a urinary tract infection. On that date, Plaintiff was taken to a holding cell in preparation for a doctor visit. There were an unusual number of patients waiting to see the doctor and he ran out of time prior to attending to Plaintiff. Plaintiff's appointment was rescheduled.
2. On January 4, 2009, Plaintiff was again taken to a holding cell in preparation for a doctor visit. It appears from the records that Plaintiff failed to cooperate with prison officials and Plaintiff subsequently filed a grievance alleging that he was assaulted by guards. As a result, Plaintiff's treatment was again delayed.
3. On January 12, 2009, Plaintiff again requested to see a doctor due to urinary tract problems. There is no record of Plaintiff having received medical treatment on this date. Plaintiff has testified that he was again placed in a holding cell but did not see a doctor.
4. On January 21, 2009, Plaintiff sought emergency treatment for his condition and at that time was prescribed antibiotics which resolved his problems.
5. Plaintiff does not contend that he continues to suffer from the results of his injuries.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW *Page 4 
1. The State Tort Claims Act provides that the State is liable only for the negligent acts of its employees, but not for negligent omissions. N.C. Gen. Stat. § 143-291 et seq.; Isenhour v.Hutto, 129 N.C. App. 596, 501 S.E.2d 78 (1998), aff'd inpart and rev'd in part on other grounds,350 N.C. 601, 517 S.E.2d 121 (1999). Case law has interpreted the legislative intent of the Tort Claims Act to be limited to negligent acts, not omissions, as illustrated below:
 We think it was the intent of the Legislature to permit recovery only for the negligent acts of its employees, for the things done by them, not for the things left undone. If the intent had been otherwise, it would have been easy to permit recovery for the negligent acts and omissions of State employees.
Flynn v. North Carolina State Highway and Public WorksCommission, 244 N.C. 617, 620, 94 S.E.2d 571, 573 (1956).
2. While it appears that there was some delay in Plaintiff receiving complete treatment for his injuries, the greater weight of the evidence in this case shows that Defendant's personnel took all steps available to them in a timely manner. Further, any delay in treatment was due at least in part to Plaintiff's failure to comply with the orders of Correctional Officers which resulted in his being removed from the holding area prior to his scheduled examinations. Accordingly, Plaintiff has failed to show actionable negligence on the part of defendant's agents or employees.
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. Defendant's Motion to Dismiss is GRANTED and Plaintiff's above captioned tort claim is hereby DISMISSED WITH PREJUDICE. *Page 5 
2. No costs are taxed as Plaintiff was permitted to file this civil action in forma pauperis.
This the 8th day of June, 2011.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1